47906. CHARLES SEAGO MECHANICAL
CONTRACTING COMPANY, INC. v. MOBILE
HOMES OF MISSISSIPPI, INC. et al.

ARGUED FEBRUARY 5, 1973 — DECIDED
FEBRUARY 21, 1973.

*Fulcher, Hagler, Harper & Reed, J. Walker Harper, David Hanks,* for appellant.

*Calhoun & Kernaghan, William C. Calhoun,* for appellees.

DEEN, Judge. ■ There appears to be little doubt but that the fire was caused by gas leaking through the pipe intended for connection with a gas cooking stove. Whether such a stove had been originally installed and then removed in favor of electric before the trailer was purchased, or whether it was merely placed there for future convenience, does not appear and is not important. The electric stove had been placed about two inches from the inner wall and there was nothing to indicate the existence of the pipe; whether it should have been discovered by the workmen in the course of a pipe inspection is something that in the scanty state of the evidence in this record we cannot decide. Whether the cutoff valve had been left open at the factory or was simply unsecured so that it came open in transit is also a moot question. Escaping gas is a dangerous in-strumentality. "If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully." MacPherson v. Buick Motor Co., 217 N. Y. 382 (111 NE 1050, LRA 1916F 696, AC 1916C 440), quoted in *Simmons Co. v. Hardin,* 75 Ga. App. 420, 427 (43 SE2d 553). Negligence in the manner in which the concealed pipe was capped off by the manufacturer thus remains a jury question. *Hand v. Harrison,* 99 Ga. App. 429 (108 SE2d 814).

■ "At any time after commencement of the action a defendant, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him." Code Ann. §

81A-114. Does the negligence of the defendant in failing to inspect and discover the leaking gas pipe behind or under the electric stove, if proved, insulate the manufacturer and stand itself as the sole proximate cause of the disaster? A defendant in a negligence case, to justify the grant of a summary judgment, must show that its acts "in no way contributed to the proximate cause of the damages incurred." *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487). It was stated in *Peacock Construction Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711 (175 SE2d 116) that an action over will lie "where the liability of the tortfeasor compelled to pay damages is passive, consisting only of negative acts or omissions, e. g., in failing in his duty to inspect or discover a defective condition, and where the proximate cause of the injury, with respect to another tortfeasor, is active, consisting of positive acts of negligence." The third party defendant contends that it committed no positive act of negligence; that the pipe was in fact equipped with a petcock and it was up to whoever connected the gas to the trailer to be sure that it was closed, and that if he had made a proper inspection he would have found and closed it. But neither the owner nor the employee had actual knowledge of the existence of the pipe. Granting that in the course of a proper inspection the workman would have discovered it, can the manfacturer, if itself negligent in concealing and inadequately capping it, rely upon lack of inspection during the installation? It is well settled that one himself negligent cannot rely on the presumption that others will observe proper diligence. *Williams v. Grier,* 196 Ga. 327 (26 SE2d 698), "[I]f the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question." *Perry v. Lyons,* 124 Ga. App. 211, 216

(183 SE2d 467) citing *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109). In the recent case of *J. C. Lewis Motor Co. v. Simmons,* 128 Ga. App. 113, where the question was whether the dealer-inspector could be held jointly liable with the manufacturer for failure to discover a defect, we held that the negligence of both defendants was concurrent. Unless we can say as a matter of law that the manufacturer was not guilty of any negligence, the inspection failure will not serve as an independent superseding cause of injury relieving it of liability. The mere fact that there was a general instruction on the outside of the trailer to check pipes for leaks with soapy water does not change the situation.

The trial court erred in granting the third party defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*