## 51371. NATIONAL LIFE ASSURANCE COMPANY OF CANADA v. MASSEY-FERGUSON CREDIT CORPORATION et al.

ARGUED SEPTEMBER 30, 1975 — DECIDED OCTOBER 23, 1975.

*Spivey, Carlton, Clark & Merrill, Charles B. Merrill, Jr., Robert S. Reeves,* for appellant.

*Robert W. Wommack, Jr., Joe W. Rowland,* for appellees.

DEEN, Presiding Judge.

1. Dealing first with the motion to dismiss, our Civil Practice Act provides: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Code Ann. § 81A-114 (a). This third-party practice statute

has been interpreted as requiring that the original defendant (third-party plaintiff) must show that in some fashion the third-party defendant is or may be secondarily liable to him through indemnity, subrogation, contribution or warranty. *Central of Georgia R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587). The statute does not however, allow the tender of another defendant whose liability would flow directly to the original plaintiff rather than secondarily to the original defendant. *Balkcom v. Mull,* 129 Ga. App. 277 (199 SE2d 346); *Whitehead v. Central of Georgia R. Co.,* 126 Ga. App. 407, 408 (190 SE2d 794); *Smith, Kline &c. Labs. v. Just,* 126 Ga. App. 643, 649 (191 SE2d 632). Appellant urges that its motion to dismiss should have been granted because: (1) As credit life insurer its liability is owed, if at all, directly to the creditor, the original plaintiff, rather than secondarily to the appellee; and (2) Since the basis of the original suit was foreclosure against the collateral rather than to collect the indebtedness incurred by the execution of the security instruments it cannot be secondarily liable to the appellee through the theories of indemnity, subrogation, contribution or warranty. We cannot agree with either proposition. First, a policy of credit life insures the life of the debtor and not the debt and Code Ann. § 56-3306 (2) makes it clear that such insurance is not wholly for the benefit of the creditor-beneficiary. In *Pioneer Homeowners Life Ins. Co. v. Hogan,* 110 Ga. App. 887 (140 SE2d 212), it was held that the estate of the deceased debtor is entitled to the benefits of a credit life policy when the creditor is paid from estate funds while the policy is in force. Since credit life insurance is for the benefit of both creditor and debtor, the *Pioneer Homeowners Life* decision stands for the proposition that when the estate of the deceased debtor pays the debts it is subrogated to the claims of the creditor and debtor to the proceeds of the policy. Here suit was filed against the appellee individually and *as executrix of her husband's estate. As executrix* she filed a third-party action against the credit life insurer. If the estate is found liable in the main action, the debtor's estate would be subrogated to the claims of the creditor and the deceased debtor to the benefit of the credit life insurance. This being so, the third-party

complaint was well taken. Second, the argument that the original action for foreclosure is somehow different from the appellant's monetary liability is equally specious. Under Code Ann. § 109A-9—501 (1) a secured party may reduce his claim against a defaulting debtor to judgment, foreclose on the collateral or otherwise enforce the security interest by any available judicial procedure. However, if the credit life insurer paid the benefits of the policy to the creditor to reduce or extinguish the unpaid indebtedness as it contracts to do there would be no default by the debtor's estate and the secured party would not have the option to foreclose. Were we to adopt the appellant's argument, credit life insurers would need only to refuse to pay benefits under its policies, thereby putting the debtor's estate to the choice of defaulting on the obligation or paying it from estate proceeds. If the latter alternative is chosen the estate would be entitled to recovery from the insurer under *Pioneer Homeowners Life*. Yet if the creditor sought to enforce his security interest through foreclosure, the appellant's theory would insulate credit life insurers from impleader altogether. Whether or not the action by the creditor against the debtor is for money judgment or foreclosure the ultimate purpose is to enforce his security interest and to collect on the indebtedness. We believe that to allow a credit life insurer to escape impleader by first putting its insured in default and thus claiming that the third-party complaint does not go to "plaintiff's claim" when the secured party chooses to bring an action for foreclosure frustrates the intent of Code Ann. § 81A-114. "If the third-party defendant is not retained in this action and plaintiff receives a judgment, the evidence of the transaction will have to be reduplicated in another lawsuit. The purpose of third-party practice is to avoid this very result." *Burt v. Long,* 125 Ga. App. 385 (187 SE2d 578).

2. Appellant's motion for summary judgment was supported by various depositions and medical records which showed the deceased to have undergone hospitalization and surgery for cancer prior to applying for credit life insurance. The appellee countered with an affidavit by the deceased's son to the effect that the dealer-seller of the equipment sought to be foreclosed

upon was an agent of appellant who was advised of the deceased's health problems and who filled out the application forms himself without questioning the deceased, assessed the premiums and charged them and secured the signature of the deceased to the application and that the appellant through its duly authorized agent, the original plaintiff, issued policies of credit life insurance based upon the applications taken by the seller. "When the defendants have made a motion for summary judgment . . . which motion is supported by affidavits, depositions, or other evidentiary matter showing a prima facie right on the part of the defendants to have a summary judgment rendered in their favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury." *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424). What the appellee seeks to do through the affidavit is to rebut the appellant's prima facie right to summary judgment by showing that the seller-dealer who allegedly filled in the application was an agent or subagent of the appellant and that his prior knowledge of the deceased's health problems is notice to the principal-appellant resulting in an estoppel to assert that a policy would not have been issued if the true facts had been disclosed. *Springfield Fire &c. Ins. Co. v. Price,* 132 Ga. 687 (2) (64 SE 1074); *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (174 SE2d 591).

It has been held that the bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship but when made by an outsider, as was the affiant here, bare assertions or denials are merely conclusions of law. *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56). And Code Ann. § 81A-156 (e) requires affidavits to set forth "such facts as would be admissible in the evidence . . ." The appellee however does not rely upon the *bare* assertions of agency but rather the affidavit contains allegations that the seller-dealer was furnished insurance application forms by the appellant, that he assessed and charged the premiums, that he obtained the signature of the deceased

on the application itself and that the appellant issued policies of insurance to the deceased based upon these applications. "The existence of an agency may be established by proof of circumstances, apparent relations, or conduct of the parties." *King v. Towns,* 102 Ga. App. 895, 903 (4) (118 SE2d 121); *Cable Co. v. Walker,* 127 Ga. 65 (56 SE 108); *Executive Committee &c. v. Ferguson,* 95 Ga. App. 393 (98 SE2d 50). The affidavit does not make a bare assertion of agency which is a mere conclusion of law but rather sets forth facts alleged to be within his personal knowledge that we are unprepared to say would not, if proved at trial, be sufficient to uphold a jury finding of agency. Code Ann. § 4-101. For purposes of summary judgment we must assume that appellee's evidence is true. A summary judgment should not be rendered unless there is no genuine issue as to any material fact and unless the moving party is entitled to a judgment as a matter of law. *Hagan v. Tech Realty Co.,* 131 Ga. App. 76 (205 SE2d 26). "The burden is upon the movant to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence." *Smith v. Sandersville Prod. Credit Assn.,* 229 Ga. 65, 66 (189 SE2d 432). "The burden is on the defendant in its motion for summary judgment to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recovery under any theory of the case and this by evidence, which demands a finding to that effect." *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15 (198 SE2d 381). A motion for summary judgment will be granted if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c). Construing the evidence most favorably to the appellee as is required, we are compelled to conclude that the appellant has not met its burden of negativing every theory of appellee's case for recovery nor has it proved that it is entitled to judgment as a matter of law. There remain genuine issues as to material facts

concerning the agency of the seller-dealer and his knowledge of the state of the deceased's health at the time of the application for credit life insurance. It was not error to deny appellant's motion for summary judgment.

*Judgment affirmed. Evans and Stolz, JJ., concur.*