## 56199. BRABHAM et al. v. BROWN et al.

QUILLIAN, Presiding Judge.

The plaintiff Marie Brabham brought an action in the Chatham Superior Court against the corporate defendant Truck & Trailer Leasing Corp. and its employee John T. Brown. The complaint sought recovery for injuries sustained by the plaintiff while she was a passenger of a vehicle which was struck in the rear by a truck owned by the corporate defendant and driven by its employee, the individual defendant. The defendants then filed a third-party complaint against Vivian Brabham Aikens and Joseph A. Brabham. The third-party complaint alleged that the third-party defendants are or may be liable to the third-party plaintiffs for all or part of the claim. The complaint set forth that the defendant Brabham was in a joint venture with the defendant at the time of the accident and is legally liable for the negligence of the defendant Aikens who, as agent for and on behalf of the joint venturers, was negligently driving the automobile used in the venture.

The third-party complaint alleged that the third-party defendant Aikens was driving an automobile belonging to the defendant Brabham in a northerly direction on U. S. Highway 17 near its intersection with South Carolina Highway 17A; that defendant Aikens was driving the automobile on behalf of and under the control of its owner defendant Brabham; that the automobile driven by the defendant Aikens slowed, the right-turn blinker was put on and the car pulled over towards the right-hand side of the highway, that the third-party plaintiff Brown (the individual defendant) continued to drive in a northerly direction and the defendant Aikens suddenly and negligently turned the defendant Brabham's automobile to the left striking the vehicle being driven by the third-party plaintiff Brown; that defendant Aikens' negligence was a proximate cause of the accident and all injuries and expenses resulting from the accident; that the third-party defendants are therefore liable to the third-party plaintiff for all or part of the claim asserted by the plaintiff, to wit: $60,000 (the total amount sought by the plaintiff against the original

defendants).

The third-party defendants filed a motion to dismiss predicated on various grounds, one of which was that the third-party complaint failed to state a claim against the third-party defendants upon which relief can be granted. After a hearing, the trial judge overruled the motion to dismiss and pursuant to our grant of an interlocutory appeal the third-party defendant Vivian Akins Brabham has now appealed to this court. (By amendment, it has been shown that the third-party defendant Vivian Brabham Aikens is actually named Vivian Akins Brabham.) *Held:*

It is contended by the third-party plaintiff that the theory on which recovery is sought is contribution. However, a thorough examination of the detailed allegations of the third-party complaint reveals no basis for contribution since that right exists only between joint tortfeasors. *Whitehead v. Central of Ga. R. Co.,* 126 Ga. App. 407, 408 (190 SE2d 794). The third-party complaint alleges: "That Vivian Brabham Aikens' [Vivian Akins Brabham] negligence was a proximate cause of the accident and of all injuries and expenses resulting from the accident."

By setting out that the cause of the collision which resulted in injury to the plaintiff was the negligence of one of the third-party defendants and not that of the defendant, the third-party complaint, in effect, tenders other defendants who are, or may be, liable to the plaintiff. Under CPA § 14 (Code Ann. § 81A-114; Ga. L. 1966, pp. 609, 627; 1969, p. 979) a third-party complaint must be predicated on secondary liability and not based purely on direct liability from the third-party defendants to the plaintiff. The thrust of the instant third-party complaint constitutes an impermissible tender of substitute defendants. *Whitehead v. Central of Ga. R. Co.,* 126 Ga. App. 407, 408, supra; *Smith, Kline & French Lab. v. Just,* 126 Ga. App. 643, 647 (191 SE2d 632). Accord, *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (165 SE2d 587); *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, 49 (195 SE2d 671); *Balkcom v. Mull,* 129 Ga. App. 277, 278 (199 SE2d 346); *National Life &c. Co. v. Massey-Ferguson Credit Corp.,* 136 Ga. App. 311, 313 (220

SE2d 793). See also *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23, 31 (183 SE2d 912).

It was reversible error for the trial judge to overrule the third-party defendant's motion to dismiss the third-party complaint. "The judgment must be reversed, but with direction that the third-party plaintiff be allowed 30 days in which to amend the third-party complaint to show a legal basis, if any, to sustain such complaint." *Mathews v. McConnell,* 124 Ga. App. 519, 523 (184 SE2d 491).

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 11, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*James E. Yates, III,* for appellants.

*Brannen, Wessels & Searcy, Charles B. Mikell, Jr., Austin & Pahno, E. Malcolm Corbett, Jr.,* for appellees.

*Palmer H. Ansley, Joseph W. Watkins,* amicus curiae.