## 72907. MANN v. HART COUNTY ELECTRIC MEMBERSHIP CORPORATION.
### (349 SE2d 215)

BANKE, Chief Judge.

Appellant Timothy Mann suffered severe burns resulting in the loss of an arm when the aluminum mast of a sailboat upon which he was a passenger struck an uninsulated electrical power line traversing Lake Hartwell. The appellant's brother, the owner of the boat, was at the helm when this occurred and was killed in the accident. In the present action, the appellant seeks to recover for his injuries from the owner of the power line, appellee Hart County Electric Membership Corporation.

In a previous appeal, this court reversed the trial court's refusal to grant summary judgment to the manufacturer of the sailboat, which had also been named as a defendant, based on allegations of defective design. See *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844 (321 SE2d 353) (1984), aff'd *Mann v. Coast Catamaran Corp.*, 254 Ga. 201 (326 SE2d 436) (1985). Upon the return of the case to the trial court, Hart County EMC moved for and was granted summary judgment based on the trial court's determination that the appellant's injuries had resulted from the testing of a known and obvious peril.

About 24 hours before the tragic accident, the mast of another sailboat had struck the power lines in approximately the same location, causing an adjacent neutral line, carrying visual warning devices, to fall. Following this occurrence, the appellee had re-energized the power line but, due to heavy weekend boat traffic in the area, had not restored the neutral line and its warning devices. The record contains evidence that before the appellant and his brother set out in the boat, members of their family had warned them to look out for the power line, the existence and general location of which had been a topic of conversation among the family members. Moreover, there was evidence that the deceased brother had remarked that he would cause the boat to tilt if necessary to put the mast under the line. Although the appellant has no present recollection of the events of the day, it is undisputed that he was present when the danger concerning the line was discussed. *Held*:

Even assuming *arguendo* that the appellee was negligent in failing to restore the neutral line and its warning devices, and pretermitting questions concerning the appellant's role in testing a known danger, we hold that the brother's admitted challenge of the known danger must be considered the proximate and intervening cause of the tragic accident, thereby relieving the appellee from liability. Pursuant to this principle, we hold that the trial court was correct in granting summary judgment to the power company. "[W]here the second actor, after having become aware of the existence of a potential

danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident." *Pittman v. Staples*, 95 Ga. App. 187, 192 (97 SE2d 630) (1957).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986 

*Truett Smith*, for appellant.
*John A. Dickerson*, for appellee.