A89A0827. JONES v. CENTRAL OF GEORGIA RAILROAD COMPANY.
(386 SE2d 386)

SOGNIER, Judge.

James Jones, individually and as next friend of Tabatha Jones and Paula Jones, his minor daughters, brought suit against Central of Georgia Railroad Company to recover damages incurred when the vehicle in which Tabatha and Paula were passengers collided with the railroad's stationary freight car located on the tracks at an intersection in Americus. The trial court granted the railroad's motion for summary judgment and Jones appeals.

The record establishes these uncontroverted facts: on August 30, 1986, appellant's daughters were passengers, along with their grandmother and three aunts, in an automobile driven by Charles James Fortson when the automobile collided with a stationary freight car at approximately 1:10 a.m. Fortson was transporting the grandmother to the hospital because she had been experiencing chest pains. Fortson testified in deposition that during daylight the crossing was visible from a distance of 700 to 1,000 feet; that on a clear night the crossing would be illuminated by a vehicle's headlamps from a distance of 200 feet; but that on the night in question, he did not see the freight car until less than 20 feet away from it. The evidence is uncontroverted that Fortson was familiar with the crossing, having traversed the street once or twice every week for years, and knew trains used that crossing on a daily basis. The street approached the crossing at a downgrade and had a posted speed limit of 35 miles per hour. Fortson testified he was traveling between 35 and 40 miles per hour down the street and had his foot on the gas pedal just before he saw the freight train in the crossing. From the approach to the crossing taken by Fortson, there were seven advance warning signs posted on or along the street, consisting of two orange reflectorized railroad warning signs at 622 and 614 feet from the crossing, white pavement paint extending from 349 feet to 297 feet before the crossing, a reflectorized yellow "Stop Ahead" sign 313 feet from the crossing, a white stop bar 19 feet from the crossing, a reflectorized red stop sign 10 feet from the crossing, and a reflectorized white railroad crossbuck sign 9 feet from the crossing.

Fortson subsequently pled guilty to a charge of driving too fast for conditions and colliding with an object. Although the record contains statements from the six passengers that they did not smell alco

hol on Fortson or notice any erratic driving or unusual behavior by him, Fortson acknowledged in his response to requests for admission the existence and accuracy of a blood alcohol test performed an hour and a half after the collision which revealed he had a blood alcohol level of .11 percent.

" 'Although negligence cases are not frequently susceptible to final adjudication by motion for summary judgment, nevertheless, in cases of plain, palpable and indisputable evidence, summary judgment may be awarded. (Cits.)' [Cit.]" *Jenkins v. Storey Trucking Co.*, 184 Ga. App. 672 (1) (362 SE2d 466) (1987). As we noted in *Hathcock v. Ga. Northern R. Co.*, 90 Ga. App. 533, 536 (83 SE2d 329) (1954), a case in which the passenger in an automobile that collided with a train filed suit against the railroad, "[w]hile it is true that in cases of this nature the negligence, if any, of the driver of the automobile in which the plaintiff was riding as a guest is not imputable to him ([cits.]), the plaintiff is not entitled to recover if the negligence of the driver of the automobile was the sole proximate cause of the plaintiff's injuries. [Cits.]" Proximate cause in Georgia is defined in OCGA § 51-12-9: "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered."

"It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. [Cits.]" *Union Carbide Corp. v. Holton*, 136 Ga. App. 726, 729 (222 SE2d 105) (1975). " ' "If an injury would have occurred notwithstanding alleged acts of negligence of the defendant, there could be no recovery," in an action for negligence. (Cit.)' [Cit.] '(W)here the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of (a) third person . . ., the defendant can not be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury.' [Cit.]" *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (345 SE2d 858) (1986).

Accordingly, even construing the evidence most favorably to appellant as the respondent and assuming appellee was negligent allowing its freight car to obstruct the intersection, the evidence clearly demonstrates that Fortson's admitted action of driving while intoxicated and driving too fast for conditions and colliding with an object (i.e., the freight car) constituted the intervening efficient act which caused the accident and the injuries for which appellant sought recov-

ery. Both parties argue the applicability of various cases involving intersections obstructed by railroad cars. However, even conceding questions of fact exist in the case sub judice regarding the weather conditions around the crossing at the time of the collision, the instant case, unlike those cited by the parties, contains uncontroverted evidence that the driver of the vehicle colliding with the freight train had a legally proscribed percentage of alcohol in his blood, was driving 35 to 40 miles per hour when visibility was less than 20 feet, and pled guilty to driving at an unsafe rate of speed for the weather conditions asserted and to colliding with an object.

Therefore, we find no error in the trial court's grant of summary judgment in favor of appellee. See generally *Willis v. Allen*, 188 Ga. App. 390, 392 (373 SE2d 79) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 18, 1989 —

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.,* for appellant.