A91A1875. BLACK v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.
(415 SE2d 705)

ANDREWS, Judge.

Black brought this action against Georgia Southern & Florida Railway Company (the railway) and Wynne for injuries he suffered when his automobile collided at an intersection with a car driven by Wynne. The trial court granted summary judgment in favor of the railway and Black appeals.

Black claims that the accident was proximately caused by Wynne's negligence in combination with the negligent failure of the railway to properly maintain its crossing signal at the intersection. The record, as viewed in favor of the non-moving party, reflects that Wynne was traveling in a line of cars on Watson Boulevard approaching its intersection with Highway 247 in Warner Robins. The railway's tracks ran parallel to Highway 247. The cars approaching the

---

[1] One meaning is "to get rid of, throw away, discard." Webster's Third New Intl. Dictionary, unabridged.

intersection on Watson Blvd. from Wynne's direction were required to cross the tracks, and then proceed approximately two car lengths before encountering the city traffic light facing Watson Blvd. At the time of the accident, which occurred on a clear day at about noon, the railway's automatic crossing signal was malfunctioning causing the crossing bars to go up and down every few minutes. There was no train approaching on the tracks. The malfunctioning signals had caused traffic to back up on Watson Blvd. as cars approaching the intersection would either drive around the lowered bars or wait until they raised to proceed. Wynne crossed the tracks when the bars were in the up position, and proceeding two car lengths, stopped her car at the traffic light. She testified on deposition that the crossing bars were behind her at that point, and had no further effect on her driving. Wynne further deposed that, as she approached the intersection, the city traffic light facing her was also malfunctioning, and was either continuously red or completely off. Wynne testified the cars approaching on Highway 247 had the right-of-way at that point, and she treated the intersection as if she was at a stop sign. As the cars preceding her had done, Wynne came to a complete stop at the intersection, and ignoring the malfunctioning traffic light, looked both ways with an unobstructed view, saw no cars coming on Highway 247, and drove into the intersection. Immediately upon pulling into the intersection Wynne collided with Black, who deposed that he was traveling on Highway 247 under a green traffic light at the intersection. The record shows that the city traffic light was coordinated with the railway's crossing signal. Every time the automatic crossing signal was activated, the traffic light would be triggered to run through its sequence of colors, and remain red facing Watson Blvd. as long as the crossing bars were down. The uncontroverted affidavit of the railway's signal supervisor indicated that the malfunction of the crossing signal could not have caused the city traffic light to freeze on one color or go out altogether.

1. The gravamen of Black's complaint against the railway is that the negligently maintained and malfunctioning crossing signal created a hazardous traffic condition which, combined with Wynne's negligence, proximately caused the accident. In order to state a cause of action for negligence it is necessary to establish the essential elements of duty, breach of that duty, and proximate cause which amounts to a legally sufficient causal connection between the conduct alleged and the resulting injury. *Robertson v. MARTA*, 199 Ga. App. 681 (405 SE2d 745) (1991). A defendant who pierces the plaintiff's pleadings by showing that under any theory one essential element is lacking is entitled to summary judgment despite any remaining issues of fact with respect to other essential elements. Id. at 683. The trial court correctly determined that the railway did not proximately cause the

accident and granted summary judgment because, as a matter of law, the intervening actions of Wynne broke any causal connection between the accident and the conditions created by the malfunctioning crossing signal.[1]

Although the malfunctioning crossing signal may have been a cause in fact of the accident under the theory that but for the conditions created by the malfunction the accident would not have happened, this does not constitute a determination that the railway's negligence was a proximate cause of the accident. *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983); *Rustin Stamp &c. Inc. v. Ray Bros.*, 175 Ga. App. 30, 32 (332 SE2d 341) (1985). The concept of proximate cause acts as "a limitation on what would otherwise be the unlimited liability of a negligent tortfeasor for all the immediate and the eventual consequences of his negligence." Mikell, Jury Instructions & Proximate Cause, Ga. Bar Journal, Vol. 27, No. 3 at 61 (1990). Applying this concept to limit recovery necessarily involves a policy decision that, for various reasons including the intervening act of a third person, the defendant's conduct is too remote from the injury to attach liability. *McAuley*, supra at 7; *Western Stone &c. Corp. v. Jones*, 180 Ga. App. 79, 80 (348 SE2d 478) (1986). While this policy decision is usually left to a jury, in plain and undisputed cases the court may make the determination as a matter of law. *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175, 176 (342 SE2d 497) (1986).

"It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's acts, and which was sufficient of itself to cause the injury." (Quotations and citations omitted.) *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989). In other words, "if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connections so far as juridic purposes are concerned." *Ethridge v. Nicholson*, 80 Ga. App. 693, 696 (57 SE2d 231) (1950).

After having crossed the railroad tracks, and with the malfunctioning crossing bars safely behind her, Wynne came to a complete stop at the intersection aware that the traffic light was not functioning, and mindful that cars approaching on Highway 247 had the

---

[1] In determining that the railway is not liable for the accident, we make no determination as to liability between Wynne and Black.

right-of-way under the existing conditions. In these circumstances, the negligence of the railway did no more than furnish conditions or give rise to the occasion by which the injury was made possible, and under which Wynne took actions which intervened as the preponderating cause of the accident. *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (341 SE2d 250) (1986). Nevertheless, any intervening act which is a normal reaction to the conditions created by the prior negligence is deemed foreseeable by the defendant and does not break the chain of proximate causation. *Perry v. Lyons*, 124 Ga. App. 211, 215-216 (183 SE2d 467) (1971).

As Wynne pulled into the intersection and collided with Black, she was not confronted with conditions to which her response could be deemed normal or foreseeable. Although the conditions made the process of crossing the intersection less convenient than it would have been with a properly functioning crossing signal and traffic light, the degree of care required was no greater than that demanded of drivers entering an intersection from a stop sign. No hazard or condition of emergency was created by the railway which prevented Wynne, by the exercise of ordinary care, from safely traversing the intersection. *Blanchard v. Posey*, 81 Ga. App. 631 (59 SE2d 530) (1950) (negligence of defendant in turning off traffic light at intersection was not the proximate cause of an automobile accident occurring there, where such negligence created no emergency or immediate hazard, and did not prevent safe passage through the intersection by the exercise of ordinary care); compare *Bass v. Seaboard Air Line R. Co.*, 205 Ga. 458, 474 (53 SE2d 895) (1949) (causal connection not broken because the intervening act was foreseeable as a normal reaction to the stimulus of an inherently dangerous situation created by the prior negligence).

Since no conditions created by the railway prevented safe passage through the intersection by the exercise of ordinary care, we find the intervening actions of Wynne severed any legally sufficient causal connection between the negligence of the railway and the collision with Black.

2. Black also claims that the trial court erred by granting summary judgment without opening or considering the depositions of four witnesses in the case. "If a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." *General Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979). In any event, the depositions are in the record, we have examined them, and nothing therein raises a genuine issue of material fact.

*Judgment affirmed. Sognier, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 12, 1992.

*Dozier, Akin, Lee & Graham, Neal B. Graham*, for appellant.
*Hall, Bloch, Garland & Meyer, J. Steven Stewart*, for appellee.