A93A1250. MEINERS v. FORTSON & WHITE et al.
(436 SE2d 780)

POPE, Chief Judge.

In this legal malpractice action, plaintiff appeals the trial court's grant of defendants' motion for summary judgment and denial of plaintiff's motion for partial summary judgment.

On September 26, 1988, plaintiff was injured in a two-car accident which occurred when Michelle Sperzel ran a red light. In January 1989, plaintiff retained defendant law firm Fortson & White to pursue her claims arising out of the accident, with defendant Robert E. Mulholland as the attorney primarily responsible for her case. Mulholland interviewed witnesses and sent out requests for medical bills and records from plaintiff's treating physicians. He also contacted Allstate, Sperzel's insurer, and sent them copies of some but not all of plaintiff's bills. When plaintiff's demand for $40,000 did not result in a settlement, Mulholland filed a complaint in late November 1989 naming Sperzel as a defendant. The complaint and entry of service form both listed Sperzel's address incorrectly, however, even though her correct address could easily have been obtained from the police report of the accident or the phone book. As a result, the sheriff did not serve Sperzel. In February 1990, Mulholland left Fortson & White to join another firm. Soon thereafter, plaintiff fired Fortson & White and hired defendant Mitchell Gross as her new counsel.[1] Mulholland had hired an investigator to track down Sperzel's address before he left, but the investigator did not do so before plaintiff changed attorneys. When Mulholland heard plaintiff had a new attorney, he called Gross to make sure Gross realized Sperzel had not yet been served, explicitly advising him of the service problem. At the time plaintiff fired Fortson & White and retained Gross, more than

---

[1] Defendant Mitchell Gross defaulted and then filed for bankruptcy protection. He is not a party to this appeal.

six months remained before the statute of limitation ran. However, service was not perfected on Sperzel, and plaintiff's action against her was dismissed.

1. Plaintiff submitted an affidavit in which an expert opined that defendants were negligent in listing an incorrect address for Sperzel on the complaint and entry of service form, and then in failing to correct their error and perfect service on her. Because defendants did not submit an expert affidavit countering plaintiff's, she contends that summary judgment for defendants was error and that she was entitled to partial summary judgment since defendant's liability was established as a matter of law. However, we conclude that even if defendants were negligent, their negligence was not the proximate cause of plaintiff's loss of her cause of action.

The pivotal question is whether substitution of new counsel who negligently fails to cure the results of the first counsel's negligence cuts off the first counsel's liability. As with any proximate cause question involving an intervening negligent act of a third party, the answer depends on the foreseeability of the intervening negligence. See, e.g., *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805 (1) (415 SE2d 705) (1992). Where, as here, the second attorney is specifically advised by the first attorney that a party needs to be served and the second attorney has more than six months to accomplish that service, it is not reasonably foreseeable that the second attorney will fail to cure the first attorney's error and perfect service as a matter of law. Accordingly, the unforeseeable intervening negligence of Gross cut off defendants' liability for damages resulting from their failure to perfect service on Sperzel. See *Frazier v. Effman*, 501 S2d 114 (Fla. Dist. Ct. App. 1987) (where second attorney has sufficient time to rectify oversight before statute of limitation ran, first attorney is not liable even if second attorney was not specifically notified of problem); *Steketee v. Lintz, Williams &c.*, 694 P2d 1153 (Cal. 1985) (attorney cannot be held liable for failing to file action prior to expiration of statute of limitation if he ceased to represent the client and was replaced by other counsel before the statute ran). *Cline v. Watkins*, 66 Cal.App.3d 174, 135 Cal. Rptr. 838 (2d Dist. 1977), cited by plaintiff for the proposition that the foreseeability of the second attorney's failure to cure the negligence of the first is a jury question, is factually distinguishable because instead of involving an obvious statute of limitation problem of which the second attorney was specifically advised, it involved a less noticeable problem of which the second attorney was not aware. Summary judgment for defendants was therefore properly granted with respect to plaintiff's claims based on defendants' failure to perfect service, regardless of plaintiff's uncountered expert testimony that defendants were negligent.

2. Plaintiff's expert also opined that defendants were negligent in

failing to provide Allstate with certain information it had requested. If defendants had done so, the expert stated, "Allstate Insurance Company would have been in a position to properly evaluate the case, and to enter into settlement negotiations, and . . . such negotiations *could have* resulted in a satisfactory settlement." Thus, plaintiff argues, defendants are liable as a matter of law for damages resulting from their failure to provide Allstate with the requested information, even if they are not liable based on their failure to perfect service. In order to prevail on this claim, however, plaintiff would have to show that negotiations "would have" resulted in a settlement; "might have" or "could have" is not enough. See *Hunt v. Tomlinson*, 799 F2d 712 (1) (11th Cir. 1986) (applying Georgia law). As there is no evidence that a settlement would have been reached had defendants provided Allstate with the requested bills and records, summary judgment for defendants was proper with respect to this issue as well.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Harris, Phillips & Harris, R. Britt Harris, Jr.*, for appellant.
*Freeman & Hawkins, H. Lane Young, Kellie R. Casey, Peter R. York*, for appellees.