A95A1688. FINNEY v. MACHIZ.
(463 SE2d 60)

JOHNSON, Judge.

Angel Lantigua was driving his car southbound on Ashford Dunwoody Road in Atlanta when it swerved over the road's centerline and smashed into Leslie Finney's northbound van. Jody Machiz, a passenger in the van, sued Finney. Machiz alleges in her lawsuit that she was injured in the collision and that her injuries were caused by Finney's negligence in driving the van while under the influence of alcohol and cocaine. Finney moved for summary judgment on the ground that her alleged negligence did not proximately cause any of Machiz's injuries. The trial court denied the motion but granted Finney's request for a certificate of immediate appellate review of the denial. We granted Finney's application for interlocutory review.

Finney correctly asserts that she is entitled to summary judgment on the negligence action. "In order to state a cause of action for negligence it is necessary to establish the essential elements of duty,

breach of that duty, and proximate cause which amounts to a legally sufficient causal connection between the conduct alleged and the resulting injury. [Cit.] A defendant who pierces the plaintiff's pleadings by showing that under any theory one essential element is lacking is entitled to summary judgment despite any remaining issues of fact with respect to other essential elements. [Cit.]" *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 806 (1) (415 SE2d 705) (1992). Here, even assuming that there are genuine issues of material fact as to whether Finney breached a duty she owed to Machiz by driving under the influence of alcohol and cocaine, Finney is still entitled to summary judgment because she presented uncontradicted evidence that her alleged negligent conduct did not proximately cause the collision.

"It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. If an injury would have occurred notwithstanding alleged acts of negligence of the defendant, there could be no recovery, in an action for negligence. Where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of a third person, the defendant can not be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury." (Citations and punctuation omitted.) *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989). The evidence in the instant case plainly and manifestly shows that the collision was caused by the independent, intervening, unforeseeable act of Lantigua's car crossing the road's centerline and hitting Finney's van, not by Finney's driving while intoxicated.

Finney, the police detective who investigated the accident, and the sole eyewitness to the collision all gave deposition testimony establishing that it was dark and raining at the time of the collision; that Finney was traveling uphill in the center of the northbound lane at a safe speed of approximately 25 mph; that Lantigua was driving downhill at the unsafe speed of 35 mph in the southbound lane; that the tread on his car tires was worn; that his worn tires hydroplaned on the wet, curving road and his car suddenly swerved sideways across the road's centerline and into Finney's van; that Finney had approximately one and one-half seconds to react to Lantigua's skidding car; and that because Lantigua's car went out of control so rapidly, Finney could not have avoided the accident.

Machiz has failed to produce any evidence rebutting Finney's evidence that she was unable to avoid the collision through no fault of her own. See *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 343

(352 SE2d 179) (1986). Machiz herself cannot contradict the evidence because she has no memory of what happened immediately before, during, and immediately after the accident. Lantigua is also unable to testify due to injuries suffered in the collision. The trial court, in denying Finney's motion, found that "[Machiz's] allegations that [Finney's] actions in driving while intoxicated at least contributed to the cause of the collision are supported by the deposition testimony of Horton McCurdy." This finding is erroneous. McCurdy, a Georgia Bureau of Investigation toxicologist, gave his opinion that Finney's intoxication level severely impaired her reaction time and critical judgment. But he further testified that he has no opinion as to whether this impairment played a causative role in the accident. McCurdy's testimony therefore creates a genuine issue of fact only as to whether Finney's reaction time was impaired, it does not create an issue as to whether that impairment in any way caused the accident.

" 'No matter how negligent a party may be, if [her] act stands in no causal relation to the injury it is not actionable.' [Cits.]" *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 512 (317 SE2d 853) (1984). Thus, Finney's alleged negligence in driving the van under the influence of alcohol and cocaine is not actionable because the evidence establishes as a matter of law that this negligence played no causative role in the collision. Instead, the sole proximate cause of the accident and Machiz's injuries was the intervening act of Lantigua's car suddenly skidding into Finney's van, which was not foreseeable or avoidable by Finney, was not triggered by her driving while intoxicated, and was sufficient of itself to cause Machiz's alleged injuries. Because Finney's conduct did not proximately cause Machiz's injuries, the trial court erred in denying Finney's motion for summary judgment. See *Hackel v. Bartell*, 207 Ga. App. 563, 564 (1) (428 SE2d 584) (1993); *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21, 23 (2) (378 SE2d 151) (1989).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1995.

*Alembik, Fine & Callner, Lowell S. Fine, Kevin S. Green*, for appellant.

*Gaines C. Granade*, for appellee.