A96A2080. OLYMPIA SERVICES, INC. v. SHERWIN WILLIAMS
COMPANY.
(480 SE2d 883)

BLACKBURN, Judge.

Rhonda Williams filed a complaint against Olympia Services, Inc., alleging that she fell and injured herself while skating at its skating rink. Olympia answered the suit and filed a third-party complaint against Sherwin Williams in which it claimed Sherwin Williams was liable to Olympia for any damages owed Rhonda Williams. The trial court granted summary judgment to Sherwin Williams on Olympia's third-party claims, and Olympia appeals.

On October 29, 1992, Olympia purchased a polyurethane coating from Sherwin Williams to repair approximately 50 small chips or dings in Olympia's skating rink floor. Olympia asked employees of Sherwin Williams if there would be a problem with adding additional hardener to the solution to ensure the floor would dry in time for planned weekend activities at the skating rink. Sherwin Williams' employees stated that adding extra hardener might cause the solution to harden before it could be applied but, otherwise, it would not

be detrimental to the floor. Relying on the advice of Sherwin Williams' employees, Olympia applied the solution to the small damaged areas of the skating rink floor. The next morning, an Olympia employee noted the repaired areas had not dried and were "gooey" to the touch. The solution had melted the polyurethane coating of the skating floor in spots where it was applied, revealing the asphalt subfloor.

Representatives from Sherwin Williams assisted employees of Olympia in removing the solution from the skating rink floor. The holes left in the floor after the solution was removed ranged in size, including some as large as a 50-cent piece; the holes had to dry before they could be patched. The employees of Sherwin Williams did not return to assist in the patching of the floor, which Olympia's employees did as rapidly as possible.

Even though all of the holes in the skating rink floor had not been patched, Olympia elected to open for business on Friday, October 30, 1992, and remained open for its normal operating hours throughout the weekend and the following week while it patched the floor. During the repair period, Olympia took precautions to advise and warn its customers of the condition of the floor. Warnings were posted on the glass entry doors and at various locations throughout the skating rink. Each customer who entered the premises was told by employees that the floor needed repairs and was given the option to skate or not. Traffic cones (pylons) were put over the bad spots within the skating area. Floor guards monitored the floor, and the lights were not turned down. By November 4, 1992, approximately ninety percent of the holes had been repaired and only five or six remained unrepaired.

On November 4, 1992, the day Rhonda Williams fell while skating at the rink of Olympia, she observed holes in the surface of the skating rink floor and gravel on the surface of the floor.

1. Olympia claims the trial court erred in granting summary judgment to Sherwin Williams because its ruling finds Olympia negligent as a matter of law. Although a jury question exists as to whether Olympia acted negligently toward Ms. Williams, that question is not before us. The undisputed facts surrounding this third-party action show that Sherwin Williams is entitled to summary judgment as a matter of law because no act or omission of Sherwin Williams could reasonably be considered the legal, proximate cause of Ms. Williams' injuries.

Olympia's third-party action against Sherwin Williams claims only that if Olympia is liable to the plaintiff, Sherwin Williams is liable to Olympia. A third-party complaint does not serve as a tender of another defendant who may be liable to the plaintiff. *Kirsch v. Jones*, 219 Ga. App. 50, 52 (2) (464 SE2d 4) (1995). The question is

whether, *assuming Olympia acted negligently and is liable to the plaintiff*, it may recover in contribution or indemnity from Sherwin Williams.

To prevail on a motion for summary judgment, Sherwin Williams does not need to disprove the plaintiff's case but must show, by the record, that insufficient evidence exists to support at least one element of Olympia's third-party claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Where the evidence is plain, the question of whether an act constitutes the intervening and superseding cause of an injury is a question of law. *Finney v. Machiz*, 218 Ga. App. 771, 772 (463 SE2d 60) (1995).

Here, the evidence shows without question that Olympia knew about the rough and pitted nature of the floor but, despite its knowledge, allowed Ms. Williams to skate. If we assume Sherwin Williams negligently damaged the skating surface and Olympia negligently allowed Ms. Williams to skate on it, the language of *Mann v. Hart County Elec. Membership Corp.*, 180 Ga. App. 340, 341 (349 SE2d 215) (1986) applies to this case. "Where the second actor, after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident. [Cit.]" (Punctuation omitted.) Id. In *Mann*, the defendant electric company's powerlines over a lake were not properly marked to warn passing boaters. The plaintiff was a passenger on his brother's sailboat. Although the brother knew about the risk of steering his sailboat under the powerlines, he did so anyway. The boat's mast struck the electrified lines, killing the brother and injuring the plaintiff. We found the brother's negligence superseded the electric company's negligence and proximately caused the plaintiff's injuries. Id.

This case centers on whether Ms. Williams' injuries can be causally connected to Sherwin Williams' negligence, if any. Whether Olympia discharged its duty to keep the premises reasonably safe for its invitee and in knowingly allowing its customers into the premises with the damaged floor, is a jury question. Sherwin Williams has no liability for the plaintiff's injury, even if the jury finds Olympia liable, because any negligence of Sherwin Williams was not the proximate cause of the plaintiff's injuries. See *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175, 176-177 (1) (342 SE2d 497) (1986) (defendant's actions did nothing more than "furnish the condition"); see also *Seely v. Loyd H. Johnson Constr. Co.*, 220 Ga. App. 719, 722 (1) (470 SE2d 283) (1996). Like the boat captain in *Mann*, Olympia made a determination to expose its invitee to this hazardous condi-

tion. Nothing in the record shows Sherwin Williams had any power to prevent Olympia from opening its skating center. See *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987). Olympia's act of allowing Ms. Williams to skate on this surface before it was repaired cannot be considered a "normal," and therefore foreseeable, reaction to any error of Sherwin Williams. *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 808 (1) (415 SE2d 705) (1992). As in *Meiners v. Fortson & White*, 210 Ga. App. 612, 613 (1) (436 SE2d 780) (1993), Sherwin Williams could not reasonably foresee that Olympia would expose Ms. Williams to the known dangerous condition by allowing Ms. Williams to skate before correcting said condition.

Because the language of the trial court's opinion appears to foreclose the liability of Olympia to Rhonda Williams as a matter of law, we reject its opinion but affirm the judgment.

2. Because the conclusion that Olympia's acts superseded any negligent acts of Sherwin Williams is dispositive, the trial court properly granted summary judgment on Olympia's claims for contribution and indemnity. Had Olympia chosen to close its business because of Sherwin Williams' assumed negligence, then it would have had a claim for losses resulting therefrom against Sherwin Williams. However, Olympia did not so choose. Olympia now seeks to hold Sherwin Williams liable for damages resulting from its own independent conduct. If the premises were *not* dangerous, then Sherwin Williams could not be liable in any event. If they *were* dangerous, then it was Olympia's conscious decision to permit the customers to skate on the defective floor which resulted in injuries to such customers. For these reasons, the trial court properly granted summary judgment to Sherwin Williams, and Olympia's enumerations of error are without merit.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Pope, P. J., Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

ELDRIDGE, Judge, dissenting.

1. Under the fact pattern of this case and the evidence presented before the trial court, Olympia cannot be found negligent as a matter of law. Whether the defendant, third-party plaintiff, Olympia was negligent in opening its doors for business before repairs were completed is a question of material fact that can only be decided by a reasonable and impartial jury and cannot be determined by the court as a matter of law on summary judgment to be the sole proximate cause of the injury to the plaintiff, since a material issue of fact exists.

OCGA § 51-12-32 codified common law contribution, and statutorily broadened contribution to include joint trespassers or joint

tortfeasors. See *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 803 (2) (165 SE2d 587) (1968). Common law contribution was based upon the difference in culpability found between joint tortfeasors when one had been passively negligent, and the other had been actively negligent; it allowed the passively negligent joint tortfeasor to obtain contribution from the actively negligent tortfeasor when both had been sued, and the passive tortfeasor had satisfied the judgment. The Supreme Court, in *Standard Oil Co. v. Mt. Bethel United Methodist Church*, 230 Ga. 341, 344 (6) (196 SE2d 869) (1973), held: "[w]here one of two or more joint tortfeasors has been sued for and compelled to satisfy damages arising from a jointly tortious transaction, he cannot, as a general rule, maintain an action either for contribution or indemnity over against those connected with him in the tort; but if the liability of the tortfeasor in the original suit arises merely from negative actions of omission on his part, such as a failure in his duty to inspect, and the proximate cause of the injury, so far as the joint tortfeasors are concerned, lay in active, positive acts of negligence on the part of the other tortfeasor, in which the original defendant did not in any way participate, then an exception to the general rule would exist. *Central of Ga. R. Co. v. Macon R. &c. Co.*, 140 Ga. 309 (78 SE 931) [(1913)]."

In *Peacock Constr. Co. v. Montgomery Elevator Co.*, 121 Ga. App. 711, 713 (175 SE2d 116) (1970), this Court held that where the liability of the tortfeasor "compelled to pay damages is passive, consisting only of negative acts or omissions, e.g., in failing in his duty to inspect or discover a defective condition, and where the proximate cause of the injury, with respect to another tortfeasor, is active, consisting of positive acts of negligence," the passive tortfeasor has a right of contribution. Approved *Colt Indus. Operating Corp. v. Coleman*, 246 Ga. 559, 560 (272 SE2d 251) (1980); followed *Jova/Daniels/Busby, Inc. v. B & W Mechanical &c.*, 167 Ga. App. 551, 553 (307 SE2d 97) (1983). As to foreseeability creating concurrent proximate cause, this Court in *Peacock Constr. Co. v. Montgomery Elevator Co.*, supra, relied on *Central of Ga. R. Co. v. Macon R. &c. Co.*, supra; *Colt Indus. Operating Corp. v. Coleman*, supra, and *Jova/Daniels/Busby, Inc. v. B & W Mechanical &c.*, supra, relied upon *Peacock Constr. Co. v. Montgomery Elevator Co.*, supra.

In *Charles Seago &c. Co. v. Mobile Homes &c.*, 128 Ga. App. 261 (196 SE2d 346) (1973), this Court held that, in third party actions where the seller-defendant brought a third party action against the manufacturer for contribution when a mobile home was defective, the trial court erred in granting summary judgment on the basis of intervening proximate cause where the seller-defendant failed to inspect and to repair. "Unless we can say as a matter of law that the manufacturer was not guilty of any negligence, the inspection failure

will not serve as an independent superseding cause of injury relieving it of liability." Id. at 265; see *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698) (1943).

In the case sub judice, Olympia was passively negligent in its failure to protect patrons by keeping the premises safe; such passive negligence was its failure to repair the damaged areas, close the premises, and warn or adequately warn its customers. In contrast, the negligence of Sherwin Williams was active in that it furnished chemicals which, when applied as it instructed, caused the dangerous condition. When plaintiff was injured, Olympia had substantially completed the repairs and had only ten percent of the work uncompleted, which would be five or six spots unrepaired. Olympia attempted to warn and to post cones where the work had not been completed, believing that it had exercised ordinary care.

This Court must now determine whether Olympia's act of opening its doors for business before all repairs were complete was an independent, intervening act which was not triggered by Sherwin Williams' acts, was not foreseeable by Sherwin Williams, and was sufficient by itself to cause the injury. *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806 (386 SE2d 386) (1989). The Supreme Court, in *Southern R. Co. v. Webb*, 116 Ga. 152 (42 SE 395) (1902), created the exception to the doctrine of intervening proximate cause, holding that "[w]hile the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." This case has been followed in a long line of decisions of this Court and is frequently cited. *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876 (3), 880 (298 SE2d 600) (1982). *Williams v. Grier*, supra, also based its holding upon *Southern R. Co. v. Webb*, supra, and has also been frequently cited and followed for the same proposition. See *Storer Communications v. Burns*, 195 Ga. App. 230, 231-232 (393 SE2d 92) (1990).

Under the evidence before the trial court, Sherwin Williams knew at the time Olympia purchased the solution that Olympia was seeking a product which would dry quickly so that Olympia could re-open for business within approximately 24 hours. Sherwin Williams' employees, even though they initially assisted Olympia in removing the "gooey" substance from the skating rink floor, did not continue to assist in the repair work on subsequent days in order to facilitate the

repair work. Since Sherwin Williams had been told by Olympia of its need to reopen quickly, then Sherwin Williams knew and could reasonably foresee that Olympia would immediately reopen prior to completing all repairs, or with inadequate repairs; any acts or omissions of Olympia did not break the causal chain as an intervening act but merely became a concurrent proximate cause. Even without such evidence, it is reasonably foreseeable that any small business would not be able to close its doors for repairs for an extended length of time due to economics.

Therefore, the issues of proximate cause and foreseeability of an intervening act of negligence are not plain and undisputed and the trial court cannot make such determination as a matter of law, as was done in *Seely v. Loyd H. Johnson Constr. Co.*, 220 Ga. App. 719, 722 (1) (470 SE2d 283) (1996); *Meiners v. Fortson & White*, 210 Ga. App. 612 (436 SE2d 780) (1993); *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805 (415 SE2d 705) (1992); *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987); *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175, 176-177 (1) (342 SE2d 497) (1986) where there was no material issue as to foreseeability of the negligence of another.

In *Meiners v. Fortson & White*, supra, notwithstanding an express warning by the first counsel that service of the complaint had not been perfected, the second counsel failed to take any action to attempt to perfect service on the tortfeasor. This Court found that, in a professional malpractice case, such negligence on the part of the second counsel was not reasonably foreseeable when such counsel had been expressly warned of the lack of service. Further, this Court in *Black v. Ga. Southern &c. R. Co.*, supra, at 807, held that "[t]he concept of proximate cause acts as 'a limitation on what would otherwise be the unlimited liability of a negligent tortfeasor for all the immediate and the eventual consequences of his negligence.' [Cit.] Applying this concept to limit recovery necessarily involves a policy decision that, for various reasons including the intervening act of a third person, the defendant's conduct is too remote from the injury to attach liability. [Cit.] While this policy decision is usually left to a jury, in plain and undisputed cases the court may make the determination as a matter of law. [Cit.]"[1] While *Southern R. Co. v. Webb*, supra, and *Williams v. Grier*, supra, still control, the General Assembly, in enacting OCGA § 51-12-32, made such a policy decision by allowing contribution from the active tortfeasor to the passive tortfeasor.

---

[1] In *Black v. Ga. Southern &c. R. Co.*, supra, the movant had been arguably passively negligent through failing to repair a railroad crossing signal, which plaintiff had negotiated without mishap and which had nothing to do with plaintiff's subsequent collision at the adjoining intersection.

However, in the case sub judice, the issues of proximate cause and foreseeability are not plain and undisputed, but are questions of material fact that must be decided by a jury. In *Banks v. ICI Americas*, 264 Ga. 732, 733-734 (450 SE2d 671) (1994), the Supreme Court of Georgia held that *Mann v. Coast Catamaran Corp.*, 254 Ga. 201 (326 SE2d 436) (1985), which was a companion case to *Mann v. Hart County Elec. Membership Corp.*, 180 Ga. App. 340, 341 (349 SE2d 215) (1986), would no longer be followed in defective design cases. Implicit in *Mann v. Coast Catamaran Corp.*, supra, was the issue of proximate cause as is true in all design cases. See *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844, 845-846 (321 SE2d 353) (1984).

The majority fails to recognize that this is not only a product liability claim in negligence but also a third party action for tort contribution which deals differently with proximate cause. *Montgomery Ward & Co. v. Cooper*, 177 Ga. App. 540 (339 SE2d 755) (1986); *Colt Indus. Operating Corp. v. Coleman*, 246 Ga. 559 (272 SE2d 251) (1980); *Gen. Motors Corp. v. Davis*, 141 Ga. App. 495 (233 SE2d 825) (1977); *Ford Motor Co. v. Lee*, 237 Ga. 554 (229 SE2d 379) (1976). In both product liability and actions for contribution between joint tortfeasors, the appellate courts have until now been slow to find proximate cause as a mater of law, because there exists several competing legal policies which cannot be easily reconciled by judicial intervention, i.e., putting a defective product in the stream of commerce; sharing of financial burden by active tortfeasors with the passive tortfeasor as a legal and equitable principal; joint and several liability; duty to foresee product abuse or misuse; general duty to avoid harm to others either from active negligence or failure to warn.

2. Appellant's second enumeration of error alleges that "even if Olympia's conduct in opening its doors was negligent, the trial court erred in determining, as a matter of law, Olympia's conduct was the sole cause of plaintiff's injury."

In the case sub judice, the third-party defendant, Sherwin Williams, moved for and was granted summary judgment. A third-party complaint is not based on direct liability from the third-party defendant to the original plaintiff, but must be predicated on secondary liability to the original defendant. *Brabham v. Brown*, 147 Ga. App. 766 (250 SE2d 495) (1978); *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720) (1977). Here, the third-party plaintiff had set forth its claims under the theories of indemnification and of contribution, which is a statutory cause of action under OCGA § 51-12-32; both of which are valid theories of third-party liability. *Nat. Life Assurance Co. v. Massey-Ferguson Credit Corp.*, 136 Ga. App. 311 (220 SE2d 793) (1975); *McMichael v. Ga. Power Co.*, 133 Ga. App. 593 (211 SE2d 632) (1974).

Pretermitting contribution as a theory for the third-party action, the trial court erred in granting summary judgment to Sherwin Wil-

liams, because the third-party defendant could still be liable under the theory of indemnity. Sherwin Williams failed to pierce the pleadings with competent evidence as to the absence of material issues of fact on an essential element for this theory of liability.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JANUARY 31, 1997.

*Almand & Ruffin, O. Hale Almand, Jr., Coppedge, Leman & Ward, David L. McGuffey*, for appellant.
*Cole & Cox, Charles E. Cox, Jr., Anderson, Walker & Reichert, Brown W. Dennis, Jr., Clinton A. Wheeler*, for appellee.