### A98A0920. DEDON v. ORR et al.
(508 SE2d 445)

McMurray, Presiding Judge.

William Gayle Dedon, Sr. filed a legal malpractice action against Lynda Wilson Orr and three other attorneys and their respective law firms, alleging these lawyers bungled his automobile accident suit against Rubin Eugene Hawkins by failing to serve Hawkins within 120 days after the case was docketed in federal court as required by Rule 4 (m) of the Federal Rules of Civil Procedure.[1] Dedon alleged that this negligence prompted dismissal of his damage claims against Hawkins and various insurance carriers after expiration of the applicable statute of limitation.[2] Attorney Orr and her law firm moved for summary judgment, arguing that Orr's alleged malpractice was not a proximate cause of Dedon's loss because "the 120-day time limit to perfect service under federal law expired more than a year before [attorney] Orr and [her law firm] were associated on [Dedon's] case." The facts relevant to this assertion reveal the following:

On April 23, 1993, Dedon, a Louisiana resident, was injured when Hawkins, a Georgia resident, drove his car into the rear of Dedon's son's car. While the wreck occurred in Georgia, Dedon's Louisiana lawyers initiated a personal injury action against Hawkins and certain insurance carriers in a Louisiana trial court. The case was filed on February 14, 1994, but was removed to a federal trial court in Louisiana on March 24, 1994, before Hawkins was served with process. Although Rule 4 (m) of the Federal Rules of Civil Procedure required Dedon to serve Hawkins by July 22, 1994, his Louisiana attorneys never attempted to have Hawkins served.

On September 13, 1994, Dedon's case was transferred to the United States District Court for the Northern District of Georgia and Georgia attorney Robert T. Guggenheim was retained to represent

---

[1] This rule pertinently provides as follows: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

[2] Alta Faye Taylor Dedon was a party to this malpractice action and William Gayle Dedon, Sr.'s personal injury case, but she is not a party to this appeal.

Dedon in that court on October 28, 1994. Even though Hawkins had not been served with process, attorney Guggenheim never attempted to serve Hawkins with process. After the statute of limitation expired on Dedon's tort action on April 23, 1995, Dedon's Louisiana attorneys discharged attorney Guggenheim and replaced him with Georgia attorney Lynda Wilson Orr and her law firm on August 29, 1995. Attorney Orr retrieved Dedon's file from Guggenheim on October 8, 1995, and began preparing Dedon's portion of an overdue pretrial order. Attorney Orr entered an appearance in Dedon's action on November 20, 1995, filed a pretrial order on January 19, 1996, and posted a letter (dated January 19, 1996) to the United States District Court judge assigned to Dedon's case requesting additional time to serve Hawkins. This United States District Court judge dismissed Dedon's case on February 8, 1996, and entered the following findings of fact and conclusions of law: "Counsel for [Dedon] has responded timely to this Court's January 10, 1996 order directing [Dedon] to show cause why this action should not be dismissed in its entirety. However, it is clear that during the pendency of this case, particularly since this case has been transferred to the Northern District of Georgia, that neither the individual defendant, Rubin Eugene Hawkins, nor his insurer . . . has ever been served. While the Court realizes that there were apparently numerous problems with previous local counsel engaged in this case, the failure of [Dedon's] Louisiana counsel or current local counsel to perfect service prior to this date is inexcusable."

The Superior Court of Gwinnett County, Georgia, granted summary judgment in favor of attorney Orr and her law firm, concluding that it would be too speculative to "say . . . that [the federal trial judge who dismissed Dedon's case] would have exercised his discretion, allowed the service, and not dismissed the case [had attorney Orr served Hawkins with process before dismissal of Dedon's case on February 8, 1996]." This appeal followed. *Held*:

To prevail in this legal malpractice case, Dedon would have to show that service on Hawkins sometime after attorney Orr was retained "would have" prevented dismissal of Dedon's automobile accident case — " 'might have' or 'could have' is not enough. See *Hunt v. Tomlinson*, 799 F2d 712 (1) (11th Cir. 1986) (applying Georgia law)." *Meiners v. Fortson & White*, 210 Ga. App. 612, 614 (436 SE2d 780). In the case sub judice, Dedon argues that his tort case would not have been dismissed had attorney Orr attempted to serve Hawkins because the federal court's dismissal order provides that attorney Orr's failure "to perfect service prior to [February 8, 1996] is inexcusable." We do not agree.

By the time attorney Orr agreed to represent Dedon on August 29, 1995, over a year had passed since expiration of Federal Rule of

Civil Procedure 4 (m)'s service of process period and almost a year had elapsed since Dedon's case was docketed in the United States District Court for the Northern District of Georgia. Further, the order dismissing Dedon's tort case indicates that "good cause" did not exist for the lack of service on Hawkins before attorney Orr was hired on August 29, 1995. Under such circumstances, any decision to allow service on Hawkins beyond Rule 4 (m)'s 120-day service of process period would (at best for Dedon) have been subject to a very broad discretion. We therefore agree with the Superior Court of Gwinnett County's assessment in the case sub judice that it would be too speculative to "say . . . that [the federal trial judge who dismissed Dedon's case] would have exercised his discretion, allowed the service, and not dismissed the case [had attorney Orr served Hawkins with process before dismissal of Dedon's case on February 8, 1996]." As there is no evidence that Dedon's tort action would not have been dismissed had attorney Orr served Hawkins with process after she was retained, the Superior Court of Gwinnett County did not err in granting summary judgment in favor of attorney Orr and her law firm. See *Houston v. Surrett*, 222 Ga. App. 207, 209 (2) (474 SE2d 39).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 2, 1998.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland*, for appellant.

*Troutman Sanders, Daniel S. Reinhardt, Joan B. Cravey, Brad L. Schoenfeld, Carmie L. McCurry*, for appellees.