## 32814. BLANCHARD *v.* POSEY *et al.*

WORRILL, J. 1. The plaintiff alleged that he was injured and damaged at a described intersection of streets in the Town of Harlem, Georgia, by reason of his car being struck by another coming from the right in a negligent manner, as detailed in the petition, just as the front wheels of his car cleared the intersection. A traffic light mechanism had been erected at such intersection and was in use normally with the customary directive signals by red and green lights, the inhabitants of the town relying on it in the use of the intersection. On the night of May 10, 1949, as the plaintiff proceeded to his home in the town and "approached the intersection" at about 9:30 or 9:45 o'clock, and being in the exercise of ordinary care, a certain person, a resident of Harlem, whom he named as a joint tort-feasor defendant with the driver of the aforesaid car pulled, without authority, a switch which controlled the traffic light, turning it completely off, and leaving the users of the intersection to their own devices. It was alleged that such person was negligent "in turning off the traffic light without any authority so to do

immediately before the collision at said intersection" and that his act concurred with that of the other defendant as the proximate cause of the collision. An amendment alleged that the traffic light was installed by the Mayor and Council of the Town of Harlem, under their general authority to regulate traffic, for the purpose of avoiding traffic accidents and hazards and to assist the users of the intersection to pass it in safety; that the resident defendant was at the time a night watchman and policeman of the Town of Harlem, directly under the supervision and control of the mayor and subject to his orders, one of which verbal orders was to never turn off the said traffic light before 10 o'clock at night. *Held:* Such an amendment was not a material amendment to the asserted cause of action in the original petition, it being merely elaborative of the original allegations and showing that the defendant was specifically instructed by his superior not too turn the traffic light off before 10 o'clock at night, and did not affect the merits of the alleged cause of action. Accordingly, where such amendment was orally made upon the hearing of demurrers to the original petition and reduced to writing three days later and allowed nunc pro tunc, subject to objections and demurrer, the court did not err, where no demurrers were renewed, in thereafter ruling upon the original demurrers which had not become abortive by the filing of an immaterial amendment. Code, § 81-1312; *Central Railway. Co.* v. *Waldo,* 6 *Ga. App.* 840, 842 (65 S. E. 1098); *Edwards* v. *Lassiter,* 67 *Ga. App.* 368, 378 (20 S. E. 451).

(2) While, under the allegations of the petition, the act of the resident defendant in turning off the traffic light was wrongful, it would not render him liable in damages to the plaintiff unless his act had some causal connection with the collision. The petition does not show that his act created any immediate hazard, it being done, not when the plaintiff was in the intersection and when he might be demoralized or put in a condition of emergency by any sudden change in the surroundings, but was done when the plaintiff "approached the intersection." It is shown that the intersection was "well lighted" and not such as to prevent the plaintiff, in the exercise of ordinary care, from safely traversing it. It is further shown that the plaintiff stopped his car at the intersection, thus demonstrating that nothing done by the resident defendant was then operating upon or influencing the plaintiff adversely. He looked to his right and saw no vehicle approaching. He looked to his left and observed a large truck or van and waited until it had crossed the intersection and was proceeding in the direction from which the non-resident defendant's car was coming. It was alleged, on information and belief, that this van obstructed the view of the automobile which was coming from the right and which shortly collided with the plaintiff's car. The plaintiff then looked to his left and saw no further traffic approaching and looked to his right and saw none approaching, and he proceeded to cross the intersection at about 5 to 7 miles per hour, and when beyond the center and when the front wheels of his car had cleared the intersection his car was struck by a 1949 Cadillac sedan driven by the non-resident defendant. In these circumstances it can not be said that the resident defendant's act had any causal relationship with or concurred with the act of the other de-

fendant in proximately causing the plaintiff's injury and damage. The plaintiff labored under no coercion or emergency by reason of anything done by the resident defendant. The intersection, after the traffic light had been turned off, was no more hazardous at night to the plaintiff and the non-resident defendant, in so far as the petition shows, than many other intersections which are not provided with traffic lights and where travelers or users of the streets and highways are required to be in the exercise of ordinary care. Whether or not the collision was due in whole or in part to the act of the plaintiff or that of the non-resident defendant we are not called upon to decide. It is clear that no cause of action is set forth against the resident defendant. In this situation the non-resident defendant can not be joined with the resident defendant as the court was without jurisdiction of the former when no cause of action was asserted against the resident defendant. Therefore, the trial court did not err in sustaining the special demurrer on the ground of misjoinder of defendants and in dismissing the action. *Metcalf* v. *Hale*, 42 *Ga. App.* 402 (156 S. E. 301); *Evans* v. *Garrett*, 72 *Ga. App.* 846, 847 (35 S. E. 2d, 387), and citations.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED MAY 19, 1950.

*John F. Hardin, Randall Evans Jr.,* for plaintiff.
*Congdon, Harper & Leonard,* for defendants.