A91A1063. SOUTHERN INTERNATIONAL PICTURES, INC.
et al. v. FRIEDMAN.
(410 SE2d 51)

BEASLEY, Judge.

Friedman sued Southern International Pictures, Inc., Neal G. Gale, and Neal G. Gale, Jr., seeking the principal, interest, and attorney fees on two promissory notes executed by Southern and personally endorsed by the Gales.

Shortly after defendants filed their answer, plaintiff requested admissions that Southern had executed the notes, as well as renewals and extensions, and that the individual defendants had endorsed them. Defendants did not respond, establishing as fact the matters stated. OCGA § 9-11-36 (a) (2) and (b).

Thereafter, plaintiff moved for summary judgment. He supported it with his affidavit, in which he stated that the notes, extensions, and renewals had been executed by Southern and personally endorsed by the individual defendants; that the computation of the amounts due had been made in exhibits to the complaint; that defendants had made no payment of any portion of principal and interest; and that defendants had not responded to his request for admissions, thereby resulting in the admission of the matters set forth under OCGA § 9-11-36 (a) (2). His attorney stated, in affidavit, that demand for payment was made and that in accordance with OCGA § 13-1-11 (a) (3), defendants were notified in writing, by his letters, that the provisions of the notes relative to attorney fees would be enforced unless payment of principal and interest was made within ten days.

Defendants responded by merely stating that no admission had been made as to the amount of the indebtedness.

In this appeal from the trial court's grant of plaintiff's motion for summary judgment, defendants enumerate two alleged errors.

1. They contend that the court erred in ruling without conducting a hearing on the motion.

Under Uniform Superior Court Rule 6.3, motions in civil actions, including motions for summary judgment, shall be decided by the trial court without oral hearing, in the absence of a written request, notwithstanding prior Court of Appeals' decisions interpreting OCGA § 9-11-56 (c) as requiring oral hearings on motion for summary judg-

ment even in the absence of a request. *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734 (1) (350 SE2d 265) (1986), aff'd in *Dallas Blue Haven Pools v. Taslimi*, 256 Ga. 739 (354 SE2d 160) (1987).

There was no request for a hearing here, and the court did not rule until after 30 days had elapsed.

2. Defendants contend that plaintiff's affidavits were without probative value, since it was not affirmatively stated in the affidavits that affiants had personal knowledge of the information contained therein. See *Cawthon Motor Co. v. Scheufler*, 153 Ga. App. 282, 286 (1) (265 SE2d 96) (1980); OCGA § 9-11-56 (e).

Defendants did not raise this objection below. It is thus not subject to review on appeal, even in this summary judgment situation, where the record must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (OCGA § 9-11-56 (c).) *Chapman v. McClelland*, 248 Ga. 725 (2) (286 SE2d 290) (1982), holds that objections to affidavits, such as that they were not based on personal knowledge, will not be entertained on appeal if the affidavits were considered by the court without objection in ruling on motions for summary judgment.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Neal G. Gale*, pro se.
*Gilbert, Whittle, Harrell, Scarlett & Skelton, Wallace E. Harrell*, for appellee.