### A91A1987. GLISSON v. MORTON.
(416 SE2d 134)

Pope, Judge.

Plaintiff/appellant Mary Joyce Glisson, a licensed practical nurse, was employed by a nursing home in July of 1988 and terminated in March of 1989. Plaintiff brought suit against defendant/appellee William Morton, M.D., alleging that in retaliation for complaints she made relating to defendant's lack of competence in his care of certain patients at the nursing home, defendant tortiously interfered with her employment by pressuring the management of the nursing home to fire her. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

1. We first reject defendant's argument that this court should not address plaintiff's sole enumeration of error because plaintiff violated the rules of this court by: (1) failing to provide references to the record in support of the statement of facts and enumeration of error contained in her brief, (2) failing to number each page of her brief, and (3) failing to provide citations of authority and argument in support of her enumeration of error. With respect to the first of these grounds, "we note that in *Justice v. Dunbar,* 244 Ga. 415 (260 SE2d 327) (1979), the Supreme Court held that an appellant's failure to make specific references to the record or transcript will not, in and of itself, warrant a summary refusal to consider an enumeration of error." *Gerdes v. Dziewinski,* 182 Ga. App. 764, 765 (1) (357 SE2d 110) (1987). With regard to the second of these grounds, we know of no authority which would authorize our refusal to consider an enumeration of error because an appellant failed to number each page in his or her brief. Finally, in regard to the third of these grounds, we conclude that plaintiff's brief is barely sufficient for us to address the issues raised in this appeal.

2. We next address plaintiff's argument that the trial court erred by considering inadmissible excerpts from plaintiff's personnel file which were attached as exhibits to defendant's motion for summary judgment. These excerpts were produced by the nursing home in response to plaintiff's request for production of documents in accordance with OCGA § 9-11-34. Plaintiff argues that these excerpts should not have been considered because they consisted of unsworn documents and hearsay. We disagree.

The excerpts from plaintiff's personnel file did not have to be certified or be part of a sworn affidavit to be considered in support of defendant's motion. OCGA § 9-11-29.1 (a) (5); *Jacobsen v. Muller,*

181 Ga. App. 382 (3) (352 SE2d 604) (1986). Nor were the excerpts inadmissible as hearsay. OCGA § 24-3-14; *Minor v. E. F. Hutton & Co.*, 200 Ga. App. 645 (2) (409 SE2d 262) (1991). "(T)he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record*, as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e). [Cit.]" (Citations and punctuation omitted.) *Nelson v. Smothers*, 164 Ga. App. 112, 113 (296 SE2d 414) (1982). Because the excerpts from plaintiff's personnel file met the standards prescribed in OCGA § 9-11-56 (e), the trial court did not err in considering the documents filed in support of defendant's motion for summary judgment.

We also note that plaintiff has waived her right to object to these excerpts on appeal not only because she failed to raise this objection in the court below (*Southern Intl. Pictures v. Friedman*, 201 Ga. App. 87 (2) (410 SE2d 51) (1991)), but because she herself relied on excerpts from her personnel file by attaching certain of the documents to her brief and affidavit filed in opposition to defendant's motion.

3. Finally, plaintiff argues that the evidence of record, specifically plaintiff's affidavit filed in opposition to the motion for summary judgment, established a genuine issue of material fact for determination by a jury. We disagree. Our examination of the record indicates that plaintiff was terminated from the nursing home because she repeatedly "failed to follow company policy, [f]ederal and [s]tate regulations regarding drug administering, [d]ocumentation, and transcribing doctor's orders." The generalized arguments contained in plaintiff's affidavit attempting to set forth a claim of interference with contract are not sufficient in this instance to avoid summary judgment. *Collins v. West Am. Ins. Co.*, 186 Ga. App. 851 (2) (368 SE2d 772) (1988). Accordingly, the trial court did not err in granting summary judgment to defendant.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1992.

*Arthur J. Shelfer, Jr.*, for appellant.
*Alexander & Vann, William U. Norwood III*, for appellee.