A95A1184. EVERETT v. NORFOLK SOUTHERN RAILWAY COMPANY.
(464 SE2d 385)

Pope, Presiding Judge.

Thomas Everett, a railroad worker who suffered a hearing loss from exposure to excessively loud noises at work, brought this action against his employer under the Federal Employers' Liability Act (FELA), 45 USC § 51 et seq. The trial court entered a judgment for the employer, ruling that Everett's primary claim to recover for his hearing loss was barred by his failure to file suit within three years of the time his cause of action accrued, see 45 USC § 56, and that his secondary claim for aggravation of his hearing loss did not state a viable cause of action. We agree with the trial court that Everett's primary claim is untimely, and therefore affirm the grant of summary judgment on that issue. Because a claim for aggravation of an occupational disease or injury does present a viable cause of action under FELA, however, we reverse the trial court's dismissal of Everett's secondary aggravation claim.

1. Everett first argues that a question of fact remains regarding when the limitation period on his hearing loss began to run. A FELA action must be brought within three years from the time the cause of

action accrues, see 45 USC § 56, and "[a] claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known. [Cit.]" *CSX Transp. v. Adkins*, 264 Ga. 203 (442 SE2d 737) (1994); see also *Lutz v. CSX Transp.*, 208 Ga. App. 894 (432 SE2d 569) (1993). As this suit was brought November 29, 1993, it is untimely if Everett's cause of action accrued prior to November 29, 1990.

Everett concedes that his cause of action accrued when his employer provided him with hearing protectors to wear. Thus, the pertinent question in reviewing the grant of summary judgment is whether there is a genuine issue of material fact regarding when the employer provided Everett with hearing protectors. Everett testified in his deposition that the employer gave him hearing protectors "around 1989 or 1990." But the employer was able to pinpoint the date, with a document showing it gave Everett the hearing protectors on September 14, 1989.[1] Everett argues that we must give him the benefit of any doubt, and that a jury could choose to disregard the documentary evidence and find, based on the "around 1989 or 1990," that he did not in fact receive the hearing protectors until after November 29, 1990. Everett's testimony that he received the protectors "around 1989 or 1990" does not rebut the employer's document, however; and even though we view the evidence in a light favorable to Everett, we cannot ignore the employer's unrefuted document showing it gave Everett the hearing protectors in September 1989.

Everett suggests the trial court improperly disregarded his testimony that he received the protectors "around 1989 or 1990" based on *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). We agree with Everett that *Prophecy* was not applicable because his deposition testimony was not contradictory. As explained above, however, even if Everett's testimony is not disregarded or construed against him, it is not sufficient to create a genuine issue of material fact and withstand summary judgment.

2. Everett further argues that even if his claim based on his hearing loss is barred by the statute of limitation, he should be allowed to recover for any aggravation of the hearing loss which occurred as the result of the employer's negligence after November 29, 1990. We agree.

---

[1] This document is in the record as an exhibit to Everett's deposition. Although it would have been preferable for the employer to file the document with an affidavit authenticating it, this Court has held that an excerpt from a plaintiff's personnel file which is in the record as an exhibit may be considered on summary judgment even if it is unauthenticated — at least if the nonmoving party did not move to strike it or otherwise object to its being made a part of the record below. See *Glisson v. Morton*, 203 Ga. App. 77 (2) (416 SE2d 134) (1992).

An employer's duty to provide a safe workplace includes providing a workplace which does not aggravate a preexisting injury. *Currin v. Seaboard System R.*, 187 Ga. App. 751, 752 (371 SE2d 142) (1988). Recognizing this duty, the Oregon Court of Appeals affirmed a judgment for a railroad worker for aggravation of his hearing loss under circumstances almost identical to those alleged here: "We perceive no reason why plaintiff must be denied all relief if his hearing loss became worse because of his work exposure during the three years preceding the filing of this action. If, for example, hearing loss had originated before he commenced work for defendant, and he then worked for defendant for three years, during which time loud noises at work increased his loss, we believe that plaintiff would be entitled to recover for the aggravation of his condition, if he filed his action timely. That situation would be analogous to a plaintiff who had a preexisting back problem that was aggravated as a result of an automobile accident." *McCoy v. Union Pacific R. Co.*, 796 P2d 646, 650 (Or. App. 1990). The Third Circuit of the United States Court of Appeals has also recognized a claim for aggravation of an occupational disease similar to Everett's, even though the employee's primary claim was untimely. See *Kichline v. Consolidated Rail Corp.*, 800 F2d 356 (3rd Cir. 1986). A United States District Court in California has rejected a similar claim, and the trial court in this case relied on its opinion. See *Frasure v. Union Pacific R. Co.*, 782 FSupp. 477 (C. D. Cal. 1991). Because *Frasure* fails to even address the employer's duty to provide a workplace which does not aggravate an employee's preexisting injury, however, we find it unpersuasive.

We emphasize that under this theory Everett can *only* recover for aggravation of his hearing loss resulting from negligence of the employer *after* November 29, 1990. In other words, Everett has the burden of proving (1) that the employer was negligent after November 29, 1990 (despite having given Everett the hearing protectors in September 1989); (2) that that negligence did in fact aggravate his hearing problem; and (3) the degree to which it aggravated his hearing problem. These things probably will be quite difficult to prove, but Everett should have the opportunity to prove them. Accordingly, the trial court's dismissal of Everett's aggravation claim is reversed.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED AUGUST 15, 1995 —
RECONSIDERATION DENIED OCTOBER 31, 1995.

*Gary F. Easom*, for appellant.
*Branch, Pike & Ganz, Eileen M. Crowley, Tanya M. Lawson,*

for appellee.

