## A98A1936. MADDOX et al. v. CUMBERLAND DISTRIBUTING SERVICES OF GEORGIA, INC. et al.

(511 SE2d 270)

JOHNSON, Chief Judge.

The day after an ice storm, Harold Maddox slipped and fell on a patch of ice as he got out of his tractor-trailer to accept a delivery at a warehouse. The warehouse was owned by the Weeks Corporation and leased to Reckitt & Coleman, Inc., a manufacturer. Reckitt & Coleman had contracted with Cumberland Distributing Services of Georgia, Inc. for Cumberland to provide staff, equipment and supplies necessary to operate the warehouse.

Maddox and his wife brought a premises liability action against Reckitt & Coleman in federal district court. See *Maddox v. Reckitt & Coleman, Inc.*, ND Ga. Civ. No. 1:96-CV-0672-JEC (decided 2/4/97). The federal court granted Reckitt & Coleman's motion for summary

judgment. In the order granting summary judgment, the federal court also denied Maddox's motion to add Cumberland as a party.

Maddox then filed this action in state court against Cumberland and its manager, Noryam Harp, based on the same facts. Cumberland and Harp (collectively "Cumberland") moved for summary judgment, arguing it had no duty to remove the hazard because Cumberland was not the owner or occupier of the premises, but an independent contractor; Cumberland did not cause the accumulation of ice; Maddox's knowledge was equal to Cumberland's; and the action was barred by collateral estoppel.

In response to Cumberland's motion, Maddox presented evidence that a Cumberland employee saw patches of ice on the ground near the site of the fall after the incident; testimony that Cumberland operated the warehouse and was responsible, under the terms of the contract, for inspecting and maintaining the premises; and evidence that drainage pipes at the warehouse might have released water onto the ground in the loading area and that this water may have frozen. Without stating its reason for doing so, the trial court granted summary judgment in favor of Cumberland. Maddox appeals. We affirm.

1. The duty imposed upon an owner or occupier of land by OCGA § 51-3-1 is inapplicable to an independent contractor. See *Kelley v. Piggly Wiggly Southern*, 230 Ga. App. 508, 509 (1) (496 SE2d 732) (1998); *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744-745 (2) (470 SE2d 270) (1996). The agreement between Reckitt & Coleman and Cumberland expressly states that Cumberland is an independent contractor; Maddox neither disputes this fact nor presents any evidence to the contrary. Accordingly, Cumberland cannot be liable under a premises liability theory.

Maddox contends that Cumberland's independent contractor status does not remove it from the ambit of the premises liability statute because it was an "occupier" of the premises. Maddox claims that "[n]o one other than [Cumberland] . . . occupied, worked in and maintained the facility." Even were we to assume, arguendo, that by being present on the premises to carry out the contract a party becomes an occupier of the premises under OCGA § 51-3-1, Maddox's argument is not supported by the record. In fact, the record shows that Reckitt & Coleman had at least five of its employees working in the warehouse each day and that, under the express terms of the contract, Reckitt & Coleman retained responsibility for maintaining certain aspects of the premises.

We recognize that an independent contractor may be liable to a third party based on negligent performance of a contract. See *Kelley*, supra. However, that avenue is not available to Maddox because the contract expressly provides that Reckitt & Coleman, not Cumberland, is responsible for removing snow from the premises.

Although the trial court's order does not indicate that Cumberland's status as an independent contractor was the basis for its ruling, a summary judgment will be affirmed if it is right for any reason. See *Alexander v. Sportslife*, 232 Ga. App. 538, 539 (1) (502 SE2d 280) (1998).

2. In light of the foregoing, it is unnecessary to consider Maddox's remaining arguments.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 1, 1999.

*Jewett & Clark, Robin F. Clark*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Mary S. Greene, David F. Root*, for appellees.

