A00A0484. BARTLETT v. HOLDER CONSTRUCTION COMPANY et al.
(535 SE2d 537)

PHIPPS, Judge.

Carlos Bartlett stepped into a hole and fell on the site of construction by Holder-Russell Construction Company, a joint venture of Holder Construction Company and H. J. Russell Construction

---

Company.[1] Bartlett sued Holder-Russell on negligence theories, and he appeals the trial court's grant of summary judgment to them. Bartlett asserts that genuine issues of material fact exist regarding whether Holder-Russell may be liable under a premises liability theory. We agree and reverse the portion of the trial court's judgment relating to Bartlett's premises liability claim.

Holder-Russell procured a contract to construct Coca-Cola's Olympic City before the 1996 Olympic Games. Bartlett worked as a security guard for Dupree Security Group, Inc., which provided security services at the construction site.

While walking across the site on April 19, 1996, Bartlett did not see an unmarked hole in the ground, stepped into it, and fell. He broke one leg and suffered significant injuries to the other.

Bartlett sued, asserting that Holder-Russell had dug the hole and had been negligent in maintaining the safety of the site. Holder-Russell filed a third-party complaint against Michigan Flagpole, Inc., with whom they had subcontracted to erect flagpoles on the property. They asserted that Michigan Flagpole had created the hole into which Bartlett stepped. Michigan Flagpole denied responsibility for the hole. Holder-Russell later moved for summary judgment against Bartlett. They argued that they had not dug the hole, were not vicariously liable for Michigan Flagpole's acts because Michigan Flagpole was an independent contractor, and were not responsible for maintaining the safety of the site because they neither owned nor occupied the property.

On appeal, Bartlett claims that the trial court erred in granting summary judgment to Holder-Russell because genuine issues of material fact exist regarding (1) whether Holder-Russell had received possession and control of the property from Coca-Cola and (2) whether Holder-Russell had actual or constructive knowledge of the existence of the hole into which Bartlett stepped. We find that a genuine issue of material fact exists as to the first question. It is unnecessary to address the second question, because it does not appear to have been a part of the trial court's basis for granting summary judgment to Holder-Russell.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] "[T]he opposing party should be given the benefit of all reasonable doubt, and the court should con-

---

[1] Although Holder Construction Company and H. J. Russell Construction Company were sued individually, they will hereinafter be referred to as Holder-Russell.

[2] OCGA § 9-11-56 (c).

strue the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cit.]"[3]

OCGA § 51-3-1 imposes a nondelegable duty upon an owner or occupier of land to exercise ordinary care in keeping the premises and approaches safe where the owner or occupier has, by express or implied invitation, induced others or led others to come upon the premises for any lawful purpose.[4] "Where a general contractor is in control of the premises, such contractor obtains the status of occupier so that it has a responsibility to invitees and others entering the premises which is equivalent to that duty owed by the owner of the premises. [Cits.]"[5] The same rule applies when an owner surrenders only a portion of his premises to a contractor. As to that portion, the contractor incurs a duty to exercise ordinary care toward keeping the property safe for others who may be invited to it expressly or impliedly.[6] When a general contractor has received full and complete possession of an area for construction, reasonable care may require that he constantly monitor the site for risk of danger to others or erect barriers to prevent others from traveling into areas where they may be exposed to danger.[7] Such responsibility may extend even to portions of the site being worked upon by subcontractors.[8] " 'Possession may be defined as having personal charge of or exercising the rights of management or control over the property in question. Custody and control are the commonly accepted and generally understood incidents of possession.' [Cit.]"[9] It is a question of fact whether full possession and control over a premises have been delivered by an owner to a contractor.[10]

Here, the record shows that Holder-Russell was contracted to construct the Coca-Cola Olympic City, that it retained at least seven subcontractors to assist in the project, and that Holder-Russell's sign was posted at the construction site. Construing the evidence most favorably toward Bartlett, the evidence additionally shows that Holder-Russell maintained a fence along the perimeter of the site on a daily basis, that each subcontractor and vendor was required to coordinate access to the site with Holder-Russell's superintendent, that Holder-Russell procured night security for the project, that subcontractors were required to submit daily reports to Holder-Russell, and that Holder-Russell promulgated safety rules that were to be fol-

---

[3] *Gill v. Cooper Tire &c. Co.*, 231 Ga. App. 482, 484 (1) (499 SE2d 85) (1998).
[4] Id.
[5] *Reed v. Batson-Cook Co.*, 122 Ga. App. 803, 805 (178 SE2d 728) (1970).
[6] *Towles v. Cox*, 181 Ga. App. 194, 195-196 (1) (351 SE2d 718) (1986).
[7] See, e.g., id.
[8] See id.
[9] Id. at 196.
[10] See id.

lowed by the subcontractors.[11] There are, therefore, material issues of fact on the question of whether Holder-Russell was in control of the premises to a degree to have attained the status of occupier.

Holder-Russell's reliance on *Maddox v. Cumberland Distrib. Svcs. &c.*[12] is misplaced. There we affirmed the grant of summary judgment in a premises liability action to defendant Cumberland Distributing Services of Georgia which had provided staff, equipment, and supplies for the operation of a warehouse. We found that the record refuted the plaintiff's claims that Cumberland, an independent contractor, was an "occupier" of the premises.[13]

This does not mean, however, than an entity is prevented from being an "occupier" of a premises merely because it functions as an independent contractor.[14] The linchpin of the analysis is the magnitude of possession and control conferred by the owner to the contractor.[15] In *Maddox*, the warehouse was not operated by Cumberland, and the warehouse operator retained responsibility for maintaining the relevant portions of the premises.

We hold that the trial court erred in granting summary judgment to Holder-Russell on Bartlett's claim of premises liability.

*Judgment reversed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 9, 2000.

*James R. Argo, Jr.*, for appellant.
*Noel H. Benedict*, for appellees.

---

[11] This information is taken from minutes of a meeting between Holder-Russell and its subcontractors. The minutes are included in the record as an exhibit to an affidavit from Bartlett. In a supplement to their motion for summary judgment, Holder-Russell asserted that the minutes were not admissible because they had not been authenticated by Bartlett. However, they did not move to strike the evidence or otherwise object to its being made a part of the record below. In light of the failure to assert this issue and elicit a ruling by the trial court, the evidence may be considered on appeal. See *Mountain Bound v. Alliant Foodservice*, 242 Ga. App. 557, 558-560 (1), (3) (530 SE2d 272) (2000); *Everett v. Norfolk Southern R. Co.*, 218 Ga. App. 862, 863, n. 1 (464 SE2d 385) (1995); *Glisson v. Morton*, 203 Ga. App. 77-78 (2) (416 SE2d 134) (1992).

[12] 236 Ga. App. 170 (511 SE2d 270) (1999).

[13] Id. at 171.

[14] See *Braswell v. Walton*, 208 Ga. App. 610, 611-612 (431 SE2d 417) (1993); *Towles*, supra; *Reed*, supra.

[15] Id.