A04A1528, A04A1529. CSX TRANSPORTATION, INC. v. DEEN;
and vice versa.
(605 SE2d 50)

RUFFIN, Presiding Judge.

Patricia Deen was stopped at a train crossing, and her car was struck in the rear by a drunk driver. The collision propelled Deen into a train, rendering her a quadriplegic. Deen filed suit against CSX Transportation, Inc. (CSX), alleging that CSX was negligent in maintaining the crossing. CSX moved for summary judgment, arguing that Deen was unable to prove causation. The trial court denied the motion. CSX also filed a motion in limine to exclude certain evidence, which the trial court granted. Both parties applied for interlocutory review, and we granted the applications.

In Case No. A04A1528, CSX appeals the trial court's denial of its motion for summary judgment. In Case No. A04A1529, Deen appeals from the order granting CSX's motion in limine. As the cases involve the same operative facts, we have consolidated them on appeal. For reasons that follow, we reverse Case No. A04A1528 and dismiss Case No. A04A1529 as moot.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

Viewed in this manner, the evidence shows that CSX maintains railroad tracks that cross Albany Avenue in Waycross, Georgia. The tracks are marked by a "crossbuck" sign to the right of the road and a white "R R" and crossbuck painted on the road. According to Deen, the crossbuck sign was not posted at the proper height and was not "reflectorized" as required by law.[3] When the crossing was occupied by trains at night, CSX ordinarily used flares to signal traffic to stop.

---

[1] See OCGA § 9-11-56 (c).

[2] *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 890 (595 SE2d 517) (2004).

[3] Although CSX disputes this allegation, for purposes of summary judgment, we treat it as true.

On the night of September 13, 1999, although a CSX train was blocking the intersection, no flares illuminated the crossing. However, a CSX flagman was at the crossing. While Deen was driving down Albany Avenue toward the tracks, the flagman signaled her to stop, and she did. The flagman then got on the train and rode further down the tracks.

The evidence shows that Deen stopped approximately 50 to 60 feet from the crossing, placed her car in park, and moved her foot "off and on" the brake. Deen's low beam headlights, tail lights, and brake lights were illuminated and functioning properly. While Deen was stopped, her car was struck from behind by a vehicle driven by Vicky Jenkins. Deen's car was pushed into the train, and Deen was seriously injured.

At the time of the collision, Jenkins had a blood alcohol content of 0.14, which is over the legal limit.[4] Jenkins testified that before the collision she drank one wine cooler and part of another. However, she claimed that alcohol played no part in the accident. According to Jenkins, she knew that there was a railroad crossing on Albany Avenue, but she thought the tracks were no longer in use. As she approached the crossing, she saw Deen's car, but thought that Deen had turned off the road. By the time Jenkins realized that Deen's car was stopped in front of her, she was unable to stop her vehicle in time to prevent the collision. Although Jenkins braked and left approximately 100 feet of skid marks, she hit Deen's car.

Following the collision, Jenkins was convicted of driving under the influence of alcohol and serious injury by vehicle. During her criminal trial, Jenkins testified that she did not see the train because it was dark and because a "big tanker" blocking the road obscured any light from oncoming traffic.[5]

Deen filed suit against both CSX and Jenkins.[6] In the complaint, Deen alleged that "CSX was negligent in blocking Albany Avenue when it knew or should have known that there were not sufficient visual clues to make a driver aware that she was approaching a railroad crossing." Specifically, Deen argued that CSX failed to have a reflectorized crossbuck at the correct height as required by law or to adequately light the area.[7] Deen also alleged that CSX knew or

---

[4] See OCGA § 40-6-391 (a) (5).

[5] It is unclear from Jenkins' testimony whether the "big tanker" was in fact a train car or some other "tanker" on the road.

[6] The trial court granted Deen's motion for summary judgment against Jenkins. Jenkins apparently has not appealed this ruling, and the issue is not before us.

[7] As the Department of Transportation is responsible for placing and maintaining traffic controls at railroad crossings, this Court has held that "a railroad cannot be liable for the failure to install a protective device on a public grade crossing where the railroad has not been

should have known that intoxicated drivers would be driving on that particular street.

CSX moved for summary judgment, which the trial court denied. CSX also filed a motion in limine to exclude certain evidence, including any evidence that CSX could have installed additional safety measures to warn of the railroad crossing and any evidence regarding the number of drunk driving arrests in the area. The trial court granted this motion and issued a certificate of immediate review. These appeals ensued.

## Case No. A04A1528

1. On appeal, CSX argues that the trial court erred in failing to grant it summary judgment on Deen's negligence claim. In order to state a cause of action for negligence, a plaintiff must establish the essential elements of duty, breach of duty, and proximate cause that amounts to a legally sufficient causal connection between the conduct alleged and the resulting injury.[8] Failure to establish any single element entitles the defendant to summary judgment.[9]

Here, CSX contends that Deen is unable to establish that the railroad company proximately caused her injuries. We agree. As this Court held in *Jones v. Central of Ga. R. Co.*,

> [i]t is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. If an injury would have occurred notwithstanding alleged acts of negligence of the defendant, there could be no recovery, in an action for negligence. Where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of a third person, the defendant can not be held responsible for having produced the injury, and the question is then one of law for determination by the court,

---

requested to do so." *Evans Timber Co. v. Central of Ga. R. Co.*, 239 Ga. App. 262, 267 (1) (519 SE2d 706) (1999). However, the railroad company is responsible for erecting and maintaining the crossbuck sign. See id. at 263-264; see also OCGA § 32-6-50 (b).

[8] See *Robertson v. MARTA*, 199 Ga. App. 681 (405 SE2d 745) (1991); *Black v. Ga. &c. R. Co.*, 202 Ga. App. 805, 807-808 (1) (415 SE2d 705) (1992) (physical precedent only).

[9] See *Brown*, supra.

and not one of fact for the jury.[10]

Deen's complaint against CSX stems in large part from CSX's failure to maintain a properly reflectorized crossbuck, which is the "X" shaped sign warning of a railroad crossing. It has been held that such "sign simply warns, 'This is a railroad crossing'"; it does not indicate that a train is present.[11] In this case, Jenkins *knew* that railroad tracks crossed Albany Avenue, although she was unaware that the crossing was still in use. Accordingly, the lack of a properly reflectorized sign is arguably irrelevant.

Moreover, the skid mark left by Jenkins' vehicle demonstrates that she saw Deen's stopped car at least 100 feet ahead of her. And Deen presented no evidence that a properly reflectorized crossbuck would have been visible beyond that distance. Thus, it is mere speculation that such sign would have prevented the collision.

Assuming, for the sake of argument, that CSX could have done more in the exercise of ordinary care to warn Jenkins about the crossing, its failure to do so does not give rise to liability. Even if a defendant has engaged in wrongful conduct, that defendant will not be liable for damages unless the wrongful conduct proximately caused the injury giving rise to those damages.[12] Here, Jenkins may not have seen the crossbuck sign, but she did not drive into the train. Rather, she collided with Deen, who was stopped on the road, had both her head lights and tail lights illuminated, and was placing her foot on and off the brake pedal. And the record indicates that Jenkins *knew* that there was a car in front of her on the road. Jenkins simply failed to appreciate that the car had come to a stop, assuming instead that the car had turned. Pretermitting whether Jenkins' assumption was the result of intoxication or mere inattentiveness, the fact remains that she collided with a car that she had previously seen on the road ahead of her.

Under these circumstances, Jenkins' conduct in driving under the influence and in failing to exercise ordinary care while driving constitutes an intervening act that caused the injury.[13] Nevertheless, any intervening act that is a normal reaction to the conditions created by the defendant's prior negligence is deemed foreseeable by the defendant and does not break the chain of proximate causation.[14] Here, Deen essentially contends that it is normal for a driver to miss

---

[10] (Citations and punctuation omitted.) *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989).

[11] *Isom v. Schettino*, 129 Ga. App. 73, 75 (1) (199 SE2d 89) (1973) (physical precedent only).

[12] See *Blanchard v. Posey*, 81 Ga. App. 631, 632-633 (2) (59 SE2d 530) (1950).

[13] See *Jones*, supra at 807-808.

[14] See *Perry v. Lyons*, 124 Ga. App. 211, 215-216 (1) (b) (183 SE2d 467) (1971).

seeing both a car and train stopped in the road. Thus, according to Deen, such accident was foreseeable to CSX. We disagree. Given the presence of a stopped train and a stopped car, with its head lights and tail lights illuminated, Jenkins' act of driving into the car severed any legally sufficient causation between the alleged negligence of CSX and the collision.[15]

Moreover, the number of DUI incidences on the road does not alter this result. Deen does not contend that CSX had knowledge of the number of DUI arrests on Albany Avenue. Thus, Deen essentially argues that railroad companies should investigate the number of DUIs near any given railroad crossing. We decline to impose such duty. It follows that this argument lacks merit.

### Case No. A04A1529

2. In light of our holding in Division 1, we do not reach Deen's appeal in Case No. A04A1529, which is rendered moot.[16]

*Judgment reversed in Case No. A04A1528. Appeal dismissed as moot in Case No. A04A1529. Eldridge and Adams, JJ., concur.*

DECIDED SEPTEMBER 16, 2004 — 

*Casey, Gilson & Leibel, Robert E. Casey, Jr., George P. Shingler, Jonathan R. Granade, Durham, McHugh & Duncan, James B. Durham, Balch & Bingham, Michael J. Bowers*, for appellant.
*Douglas L. Gibson*, for appellee.

---

[15] See *Jones*, supra; *Blanchard*, supra; *Black*, supra.

[16] See *St. Paul Reinsurance Co. v. Ross*, 266 Ga. App. 75, 79 (2) (596 SE2d 193) (2004).