## A06A0152. CSX TRANSPORTATION, INC. v. DEEN.
### (630 SE2d 119)

MIKELL, Judge.

In this personal injury action, the trial court ordered CSX Transportation, Inc. ("CSXT"), to pay $25,500 in attorney fees to Patricia D. Deen as a sanction for its discovery abuses. The order was entered after this Court reversed the trial court's denial of CSXT's motion for summary judgment in *CSX Transp. v. Deen ("CSXT I")*[1] and remitted the case to the trial court. CSXT contends that the trial court lacked jurisdiction to enter the order requiring it to pay the expenses. We disagree and affirm.

As stated in *CSXT I*, this case arose out of an automobile accident in which Deen, who was stopped at a train crossing, was struck from behind by a drunk driver, propelling Deen's vehicle into a train.[2] In her action against the drunk driver and CSXT, Deen alleged that CSXT was liable because it negligently maintained the crossing.[3]

During the course of the litigation, Deen filed two motions to compel, both of which addressed CSXT's failure to provide corporate agents for deposition pursuant to OCGA § 9-11-30 (b) (6). The trial court granted the first motion on December 21, 2001, compelling the depositions of CSXT's corporate agents. Deen filed the second motion to compel after CSXT failed to provide the agents for deposition, seeking attorney fees and sanctions against CSXT. CSXT opposed the motion. On August 8, 2002, the trial court entered an order, dismissing CSXT's answer and entering default judgment against CSXT on the issue of liability. CSXT moved for reconsideration of the trial court's order on August 15, 2002.

On October 22, 2003, another judge was appointed to preside over the case. This judge held a hearing on November 6, 2003, during which he denied CSXT's motion to declare void and vacate prior orders entered by the original judge and granted CSXT's motion for reconsideration.[4] During that hearing, the trial judge also found that

---

[1] 269 Ga. App. 641 (605 SE2d 50) (2004).

[2] Id.

[3] Id.

[4] It appears that CSXT filed several motions against the original trial judge requesting that he recuse himself from the case, none of which are included in the record. On October 21, 2003, the trial judge recused himself.

CSXT had committed serious violations and abuses of the discovery process. The judge stated that he was going to impose sanctions against CSXT but that the sanction of dismissing CSXT's answer was too severe and that he would reserve the issue of sanctions to give counsel 15 days to present an affidavit of additional fees incurred as a result of the discovery abuses. The trial court instructed plaintiff's counsel to provide the affidavit to defense counsel and defense counsel to notify the court within five days of its receipt of the affidavit if it wished to have a hearing on the amount of fees.

Plaintiff's counsel served the affidavit regarding attorney fees on December 2, 2003. On that day, another pre-trial hearing was held, during which the court again reserved for later determination the issue of attorney fees and gave plaintiff's counsel 30 days from the conclusion of the trial to amend his affidavit to itemize his expenses. The trial court also entered an order entitled "Order Reserving the Issue of Attorney's Fees for the Failure of CSXT to Provide Discovery." CSXT filed its brief in opposition to attorney fees on January 6, 2004. On January 7, 2004, the trial court entered an order denying CSXT's renewed motion for summary judgment and granting CSXT a certificate of immediate review. Deen's counsel requested that the court postpone the hearing on fees pending the outcome of the certificate of immediate review, and CSXT's counsel agreed.

In *CSXT I*,[5] we reversed the trial court's denial of CSXT's motion for summary judgment on the ground that Deen could not establish that CSXT proximately caused her injuries.[6] Deen petitioned for certiorari, which petition was denied on January 24, 2005.[7] On March 7, 2005, the trial court entered an order making the remittitur of this Court the judgment of the trial court. On May 4, 2005, the trial court issued a notice of a hearing to be held on June 6, 2005. At the hearing, the trial court ruled that since it had expressly reserved the issue of attorney fees and sanctions before the notice of appeal was filed, it had jurisdiction to award fees to the plaintiff for CSXT's discovery abuses. The trial court entered its order requiring CSXT to pay fees to Deen on June 6, 2005. CSXT argues that the trial court's March 7 order on remittitur was the final judgment in the case. Consequently, that order ended the case, and the trial court lacked jurisdiction to enter another order outside the term of court in which it entered its final judgment. We disagree.

CSXT is correct that the order regarding the fees was entered in a subsequent term of court since the courts of Ware County have two

---

[5] Supra.
[6] Id. at 643 (1).
[7] Id. at 641.

terms, one of which begins on the first Monday in April and the other on the second Monday in November.[8] However, this fact is of no consequence because there was no final judgment entered on the issue of attorney fees in the remittitur, and "[t]he rule limiting the power of courts over their judgments to the term at which they were rendered applies only to final judgments."[9]

In this case, the record is devoid of evidence that the trial court intended the ruling on the remittitur to be the final order on attorney fees in the case. On the contrary, the trial court not only entered an order reserving the issue of fees, but it also expressly stated its intention to reserve the issue on more than one occasion and was unequivocal about its intention to impose sanctions against CSXT for its discovery abuses. Therefore, the order on remittitur did not resolve all of the issues that were still pending before the court.[10] The fact that CSXT ultimately prevailed on summary judgment does not remove from the court its power to impose sanctions for discovery abuses.[11] Immediately upon the receipt by its clerk of the remittitur from the appellate court, the trial court's jurisdiction to address the remaining pending issues resumed.[12]

CSXT argues that the only avenue through which Deen could obtain fees after the entry of the remittitur was by filing a motion pursuant to OCGA § 9-15-14, which governs the assessment of litigation costs and attorney fees for frivolous actions and defenses. OCGA § 9-15-14 is inapposite here because this case does not involve the assertion of frivolous defenses, as evidenced by the grant of summary judgment in CSXT's favor. Instead, the trial court was concerned solely with the award of fees for CSXT's discovery abuses, which is governed by OCGA § 9-11-37 (d). OCGA § 9-11-37 (d) authorizes the imposition of sanctions, including dismissal and default, for the wilful failure to comply with a court order.[13] Though the trial

---

[8] See OCGA § 15-6-3 (41) (F).

[9] (Citation and punctuation omitted.) *Hubbert v. Williams*, 175 Ga. App. 393, 394 (1) (333 SE2d 425) (1985).

[10] See *Vintage Enterprises v. Powers*, 175 Ga. App. 785 (334 SE2d 383) (1985) (order from which appeal taken did not adjudicate all pending claims, thus it did not constitute a final judgment). Accord *Henderson v. Smith*, 177 Ga. App. 89, 90 (338 SE2d 520) (1985). But see *Levingston v. Crable*, 203 Ga. App. 16, 18 (416 SE2d 131) (1992) (consent order was final judgment since there was no language in consent order reflecting it to be anything other than final judgment and no issue remained for trial court to reserve to itself).

[11] See *Doe v. HGI Realty*, 254 Ga. App. 181 (561 SE2d 450) (2002) (court awarded attorney fees for discovery abuses in the amount of $30,000 against party prevailing on summary judgment).

[12] *Davidson v. Callaway*, 274 Ga. 813, 814 (559 SE2d 728) (2002).

[13] *Riches To Rags v. McAlexander & Assoc.*, 249 Ga. App. 649, 652-653 (549 SE2d 474) (2001). We need not address the trial court's finding that CSXT wilfully failed to comply with its order because that issue has not been raised on appeal. In fact, we note that CSXT has not

court did not specify the statute upon which it relied to impose fees against CSXT, it is clear from the record that the issue of expenses was related to CSXT's discovery abuses. Accordingly, since the trial court expressly reserved this issue for later determination, we find that it retained jurisdiction to enter the award of fees against CSXT.[14]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 13, 2006.

*Casey, Gilson & Leibel, Robert E. Casey, Jr., George P. Shingler, Jonathan R. Granade*, for appellant.
*Douglas L. Gibson, Adam Ferrell*, for appellee.

argued that Deen was not entitled to the fees or that the amount awarded was excessive, only that the trial court lacked jurisdiction to enter the order.

[14] Cf. *Sofran Peachtree City v. Peachtree City Holdings*, 272 Ga. App. 851-852 (614 SE2d 111) (2005) (trial judge permitted to award expenses almost three years after the date of judgment pursuant to OCGA § 9-11-60 because he expressly found that as a matter of oversight, he failed to reserve the matter of the amount of attorney fees for final determination in his initial order granting summary judgment).